Derek Newman, State Bar No. 190467
derek@newmanlaw.com
John Du Wors, State Bar No. 233913
duwors@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Davison Design & Development Inc., a Pennsylvania corporation, XL Marketing Corp., a Delaware corporation, Spire Vision Holdings, Inc., a Delaware corporation, ProAdvertisers, LLC, a Delaware Limited Liability Company, Prime Advertisers, LLC, and MediActivate, LLC, Nevada Limited Liability Companies, and ConnectionCentrals, a Delaware Series Limited Liability Company,

    Plaintiffs,

v.

Catherine Riley, an individual,

    Defendant.

No. CV 11 2970

**COMPLAINT FOR DECLARATORY JUDGMENT**

Davison Design & Development Inc., XL Marketing Corp., Spire Vision Holdings, Inc., ProAdvertisers, LLC, Prime Advertisers, LLC, MediActivate, LLC, and ConnectionCentrals (collectively, "Plaintiffs") hereby allege for their complaint against Catherine Riley ("Riley" or "Defendant") upon personal information as to Plaintiffs' own activities, and upon information and belief as to the activities of others, as follows:

1
**COMPLAINT FOR DECLARATORY JUDGMENT**

## I. NATURE OF THE CASE

Davison Design & Development Inc. ("Plaintiff Davison") offers marketing and product development services to inventors and aspiring inventors. XL Marketing Corp., Spire Vision Holdings, Inc., and the remainder of the Plaintiffs (the "Spire Vision Plaintiffs") run an internet marketing business. Catherine Riley is an individual who sent a demand letter to Plaintiffs demanding payment of thousands of dollars in damages for alleged violations of the CAN-SPAM act and California's Business and Professions Code. The basis of Riley's claims is that she received and continues to receive emails from Plaintiffs that do not comply with California state and federal spam laws. Plaintiffs contend that they have not sent or advertised in, and do not send or advertise in, email that violates state or federal spam law. Plaintiffs ask this court for a declaratory judgment that there is neither a legal nor factual basis for Riley's claims.

## II. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 (a)(1), and 28 U.S.C. § 2201.

## III. PARTIES

2. Plaintiff Davison Design & Development is a Pennsylvania corporation that offers marketing and product development services to inventors and aspiring inventors.

3. Plaintiff XL Marketing Corp. is a Delaware corporation engaged in the business of internet marketing. XL Marketing Corp. wholly owns a range of subsidiaries, each focused on a particular area of internet marketing.

4. Plaintiff Spire Vision Holdings, Inc., is a Delaware corporation and a wholly-owned subsidiary of XL Marketing Corp.

5. Plaintiff ProAdvertisers, LLC is a Delaware Limited Liability Company and a wholly-owned subsidiary of Spire Vision Holdings, Inc.

6. Plaintiff MediActivate, LLC is a Nevada Limited Liability Company and a wholly-owned subsidiary of Spire Vision Holdings, Inc.

7. Plaintiff Prime Advertisers, LLC is a Nevada Limited Liability Company

1  and a wholly-owned subsidiary of Spire Vision Holdings, Inc.

2      8.    Plaintiff ConnectionCentrals, is a Delaware Series Limited Liability
3  Company and a wholly-owned subsidiary of ProAdvertisers, LLC.

4      9.    Defendant Riley is an individual and resident of California.

## IV. FACTS

6      10.    Defendant Riley is an individual who owns multiple personal email
7  addresses. Defendant Riley is not an Internet Service Provider (ISP).

8      11.    Between August 12, 2005 and April 5, 2011, Defendant Riley visited
9  various websites, including <*claimfreerewards.com*> and <*winyourcruise.com*>. On
10 those websites, Defendant entered her email address in order to access the site and/or
11 participate in promotional offers. Each website displayed a message indicating that by
12 entering her email address, Riley agreed to receive advertising emails. Each website
13 provided a means to "opt out" of advertising emails.

14     12.    Riley knowingly agreed and provided her direct consent to receive
15 advertising emails.

16     13.    Riley never opted out of receiving advertising emails.

17     14.    The Spire Vision Plaintiffs create and/or distribute internet advertisements.
18 Some of the Spire Vision Plaintiffs' internet advertisements are distributed through
19 emails. The Spire Vision Plaintiffs' advertising emails are permission-based, and the
20 Spire Vision Plaintiffs do not send emails to persons who have not agreed to receive
21 them. The Spire Vision Plaintiffs obtain email addresses from affiliates, and have strict
22 guidelines regarding direct consent.

23     15.    The Spire Vision Plaintiffs accept email advertisements from advertising
24 clients, and tailor email marketing campaigns to suit advertisers' products or services.

25     16.    Each email sent by the Spire Vision Plaintiffs includes an "opt out"
26 provision.

27     17.    Plaintiff Davison is an advertising client of the Spire Vision Plaintiffs.

28     18.    The Spire Vision Plaintiffs distributed a series of emails for Plaintiff

3
**COMPLAINT FOR DECLARATORY JUDGMENT**

Davison and other clients (the "Allegedly Offending Emails") by sending the emails to a list of email owners who had directly consented to receive promotional emails and had not revoked that consent.

19. The Allegedly Offending Emails each contain a subject line that accurately describes the contents of the email message.

20. The Allegedly Offending Emails each contain an "opt out" provision, through which a recipient can choose to receive no further promotional emails.

21. The Allegedly Offending Emails each contain accurate email header information.

22. The Allegedly Offending Emails each clearly indicate that the email is a marketing email.

23. The Allegedly Offending Emails each contain the postal address of the advertiser.

24. Defendant did not opt out of receiving the Allegedly Offending Emails or otherwise revoke her consent to receive advertising emails.

25. Defendant has not been adversely affected by receiving the Allegedly Offending Emails.

26. All of the Allegedly Offending Emails comply with California state and federal spam laws. The Spire Vision Plaintiffs have a rigorous series of spam compliance policies, and ensure that advertising emails they send do not violate the law.

27. In March-May, 2011, Defendant sent Plaintiffs a series of letters demanding money because she received the Allegedly Offending Emails. Defendant's letters threaten litigation if she is not paid.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT - 15 U.S.C. § 7701 et seq, the CAN-SPAM Act.**

28. Plaintiffs incorporate all prior allegations as if fully set forth herein.

29. The parties are adverse and there is an actual controversy between them.

30. There is a real and substantial risk of immediate harm if the controversy

between the parties is not resolved.

31. A declaratory judgment would resolve the conflict between the parties and provide conclusive relief.

32. Defendant does not have standing to pursue alleged violations of the CAN-SPAM Act, because Defendant is not a bona fide Internet Service Provider.

33. Defendant does not have standing to pursue alleged violations of the CAN-SPAM Act because Defendant has not been damaged by receiving the Davison Emails

34. Even if Defendant did have standing, the Allegedly Offending Emails do not violate the CAN-SPAM Act.

### SECOND CAUSE OF ACTION
### DECLARATORY JUDGMENT – Cal. Bus. & Prof. Code § 17529.5

35. Plaintiffs incorporate all prior allegations as if fully set forth herein.

36. The Allegedly Offending Emails do not contain and are not accompanied by a third-party's domain name without the permission of the third party.

37. The Allegedly Offending Emails do not contain and are not accompanied by falsified, misrepresented, or forged header information.

38. The Allegedly Offending Emails do not have subject lines that would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

39. The Allegedly Offending Emails do not violate Cal. Bus. & Prof. Code § 17529.5.

40. Defendant has not suffered any damages as a result of Plaintiffs' actions.

41. Defendant's claims are pre-empted by federal law because they are not based on traditional common law theories of falsity or deceit.

42. Defendant is not entitled to relief pursuant to Cal. Bus. & Prof. Code § 17529.5.

**COMPLAINT FOR DECLARATORY JUDGMENT**

V.   **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request that the Court enter judgment against Defendant Riley as follows:

1. That the Court enter a Declaratory Judgment that Plaintiffs have not violated either the CAN-SPAM Act or California's Business and Professions Code § 17529.5.

2. That the Court award Plaintiffs their costs and attorneys' fees.

3. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

Dated this 16th day of June, 2011.

**NEWMAN DU WORS LLP**

*/s/ Derek Newman/*

Derek Newman
California State Bar No. 190467
Attorneys for Plaintiffs

6
**COMPLAINT FOR DECLARATORY JUDGMENT**