1    Timothy J. Walton (State Bar No. 184292)
LAW OFFICES OF TIMOTHY WALTON
2    9515 Soquel Drive Suite #207
Aptos, CA 95003
3    Phone: (831) 685-9800
Fax: (650) 618-8687

4

5    Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
6    San Francisco, CA 94131
Tel. & Fax: (415) 869-2873

7

8    Attorneys for Defendant
CATHY RILEY

9

10                **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Davison Design & Development Inc., *et al.*, | ) Case No.      CV-11-2970 (EDL) |
| | ) |
| Plaintiffs, | ) **DEFENDANT'S MOTION TO DISMISS** |
| | ) **ACTION FOR LACK OF SUBJECT** |
| vs. | ) **MATTER JURISDICTION AND** |
| | ) **INSUFFICIENT SERVICE OF PROCESS** |
| Cathy Riley [erroneously sued as Catherine Riley], | ) |
| | ) Date:      Nov. 8, 2011 |
| | ) Time:      9:00 AM |
| Defendant. | ) Courtroom:    E, 15th Floor |

**1**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Cathy Riley ("RILEY") will and hereby does move to dismiss the claims in the action pursuant to Federal Rules of Civil Procedure Rule (12)(b)(1), (2), (3), (5), and (6).  The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of RILEY, oral argument, the pleadings in the action, and all other matters as may properly be considered.

LAW OFFICES OF TIMOTHY WALTON

Dated:  September 26, 2011                    /s Timothy Walton

Timothy J. Walton

**2**

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs, all corporate entities, have chosen this forum for their convenience, and filed this Action for the improper purpose of intimidating Cathy Riley, an individual, from asserting her rights in court.  California state law is the only law at issue in the action.  There is no diversity between the Parties, and Plaintiffs have not shown that the amount in controversy meets the statutory requirements.  Plaintiffs cannot justify continuing the Action in this forum.  Moreover, Plaintiffs did not properly serve Riley.  This Court should dismiss the Action.

## II.  STATEMENT OF FACTS

Riley is a resident of the State of California.  Complaint at 3:4.

Plaintiffs admit that they sent email advertising to Riley.  Complaint at 3:28-4:1.

Plaintiffs assert that Riley provided "direct consent" to receive commercial email from Plaintiffs.  Complaint at 3:14-15.  However, the websites where Riley allegedly provided consent are not owned or apparently operated by Plaintiffs.  Thus, Riley disputes that she ever provided direct consent – or indeed *could have provided* direct consent – to receive email advertising from Plaintiffs.[1]  Moreover, Riley has never had any personal or professional relationship with any Plaintiff prior to receiving their unsolicited commercial email, which gave rise to this Action.

Plaintiffs also allege that Riley sent Plaintiffs a series of letters demanding money and threatening litigation if she is not paid.  *Id*. at 4:21-23.  Riley does not dispute that she attempted

---

[1] The issue of "direct consent" is beyond the scope of this Motion, which only addresses subject matter jurisdiction and insufficient service of process.  However, Riley notes that the definition of "direct consent" provided at Cal. Bus & Prof. Code § 17529.1(d) requires that consent be provided to the advertising entity, and not merely one of its partners or affiliates that might claim that its privacy policy would allow it to sell email addresses to the highest bidder.

**3**

to communicate her concerns with some of the Plaintiffs, in an attempt to resolve the matter without litigation.  Riley will dispute Plaintiffs' contention that their email advertising had truthful and non-misleading headers.

However, none of these facts are relevant to the issues of subject matter jurisdiction and service of process.

Riley believes that Plaintiffs attempted to serve her personally with the Complaint on several occasions.  Plaintiffs never personally served Riley.  Plaintiffs left a copy of the Complaint at Riley's place of employment on or about September 12, 2011, but Riley never subsequently received a copy via U.S. mail.

### III.  <u>SUMMARY OF CASE</u>

Plaintiffs sued Riley in federal court without alleging any basis for subject matter jurisdiction.  United States Supreme Court precedent makes clear that a party asserting federal court jurisdiction has the burden of showing that jurisdiction.  "It is incumbent upon the Plaintiff properly to allege the jurisdictional facts, according to the nature of the case."  *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 183 (1936).  Where, as here, a complaint is uncertain as to the amount of damages sought, the party asserting diversity jurisdiction must demonstrate by a preponderance of evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Indeed, the Ninth Circuit has strictly construed 28 U.S.C. §1332 and required that where there is *any doubt* whether a case is properly in federal court, the district court must dismiss the case.

Plaintiffs have not shown, or even alleged, that the amount in controversy exceeds $75,000.  This Court should dismiss the Action because there is no subject matter jurisdiction.

Nor did Plaintiffs properly serve Riley.

**4**

### III. <u>DISCUSSION</u>

**A. <u>There Are No Grounds for Federal Question Jurisdiction</u>**

Plaintiffs assert federal question jurisdiction as one of the grounds for this Court's jurisdiction. Complaint at 2:15 (citing 28 U.S.C. § 1331). Plaintiffs have the burden of alleging sufficient facts to show jurisdiction. *McNutt,* 298 U.S. at 183.

Plaintiffs fail to provide any more information than that simple statutory citation, and the allegations in the Complaint do not support federal question jurisdiction. The only substantive federal law cited by Plaintiffs is the CAN-SPAM Act, but Plaintiffs specifically pled that Riley does not have standing under that Act. Complaint at 5:4-7. Riley does not dispute that she lacks standing under the CAN-SPAM Act. Without a pleading that some federal law is at issue, there can be no federal question.

**B. <u>Plaintiffs Have Not Pled Diversity Jurisdiction</u>**

Plaintiffs also cite 28 U.S.C. § 1332(a)(1) to support a claim of original subject matter jurisdiction. Complaint at 2:15. However, Plaintiffs never allege in the Complaint that more than $75,000 is in dispute. Indeed, Plaintiffs claim that *no* money is in dispute, as they contend that any lawsuit filed by Riley against them would lack merit.

**1. *<u>Plaintiffs Have the Burden of Proving the Amount in Controversy</u>***

To determine whether a party has met its burden of establishing the jurisdictional amount, a court first considers whether an amount in controversy exceeding $75,000 is "facially apparent" from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer*, 116 F.3d at 377).

Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. "If it is unclear what amount of damages the plaintiff has sought, . . .

**5**

then the [party asserting jurisdiction] bears the burden of actually proving the facts to support

jurisdiction, including the jurisdictional amount. . . by a preponderance of the evidence."

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663

(9th Cir. 1988)).

      Here, the amount in controversy is not facially apparent.  Plaintiffs bear the burden of

proving the amount in controversy, which they have not yet even attempted.

### 2. <u>*The Amount in Controversy Does Not Include Attorneys' Fees*</u>

      The general rule is that "attorney's fees are excluded from the amount-in-controversy

determination."  *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001).  However, "[t]here

are two exceptions to this rule: when the fees are provided for by contract, and when a statute

mandates or allows payment of the fees."  *Id.*; *Missouri State Life Ins. Co. v. Jones*, 290 U.S.

199, 202 (1933); *see also Stokes v. Reeves*, 245 F.2d 700, 702 (9th Cir. 1957).

      Here, California law does not allow for spammers or advertisers to claim attorneys fees.

*See* Cal. Bus. & Prof. Code § 17529.5(b)(1)(C).  Therefore, the Plaintiffs' attorneys' fees may

not be used to show that the amount in controversy exceeds $75,000.

### 3. <u>*The Amount in Controversy Should Not Include Potential Equitable Relief*</u>

      For federal subject matter jurisdiction, it must appear to a legal certainty that a plaintiff's

claim can really exceed $75,000.  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283,

289 (1938).

      Plaintiffs may rely on *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 398-99 (9th Cir. 1944)

for the proposition that the effect upon a defendant should be included in the calculation of the

amount in controversy.  But that case is not on point, because it involved a complaint seeking

specific performance of a contract, rather than compliance with the law.  The better case to

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
INSUFFICIENT SERVICE OF PROCESS**

consider is *Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir. 1977), which found that it is not appropriate to include the costs of compliance with advertising laws for calculating the amount in controversy.  *Id.* at 791 ("The only reason the injunction is worth more than $10,000 to Ford is that it would affect all of Ford's future trailer package sales to thousands of other individual consumers."); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 960 (9th Cir. 2001):

> Even if *Snow* were not controlling authority, we would be reluctant to allow a request for injunctive relief to provide the basis for federal jurisdiction in a case, such as this one, where that relief does not appear to be the primary object of the litigation. . . . We therefore believe that it would be inappropriate to determine the amount in controversy in this case by examining the potential cost to Pfizer of complying with the injunction Plaintiffs request.

Here, Plaintiffs' costs of complying with Cal. Bus. & Prof. Code § 17529.5 are not part of the amount in controversy, because the Plaintiffs in this case should already be complying with the law independently from this Action.  Plaintiffs' costs to come into compliance with California law are not part of the calculus of the amount in controversy for purposes of establishing federal jurisdiction.   Therefore, Riley asserts that the Plaintiffs, who chose to file in federal court instead of California state court, should not be allowed to include in their calculation of the amount in controversy any costs incurred in order to comply with California law in the future.

### 4.   *Necessary and Indispensable Parties are in California*

Plaintiffs have chosen to *not* include all of their advertisers – necessary parties – in the Action.  The Complaint notes that Plaintiff Davison Design & Development Inc. is *an* advertising client of the other Plaintiffs, Complaint at 3:27, but the Complaint notably fails to assert that Davison was the *only* advertising client.  Plaintiffs and their attorneys know full well that if they had named as plaintiffs *all* of the clients who paid the Spire Vision Plaintiffs to

advertise by email to Riley, there would be no true diversity because many of those advertisers are domiciled in California.

### 5. *Plaintiffs Should Not be Granted Leave to Amend*

This Court should grant leave to amend a complaint only if Plaintiffs prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional limit and that there is true diversity between the necessary and indispensable parties. Plaintiffs cannot make that showing, and therefore they should not granted leave to amend the Complaint.

### C. Plaintiffs' Claims For Declaratory Relief Must Fail

Plaintiffs' causes of action seek only declaratory relief. The first cause of action is essentially a straw man argument, as Riley never suggested that she would initiate a lawsuit based upon violations of the federal CAN-SPAM Act. Riley will acknowledge that she is not an Internet Service Provider, an Attorney General, or the Federal Trade Commission – the only entities that have standing under the CAN-SPAM Act – which means that there is no true dispute before this Court.

The second cause of action asks this Court to make a determination of California substantive law. While this Court may do so where federal jurisdiction *otherwise* exists, there is not and cannot be subject matter jurisdiction here, and the issue of state law is not pendant. Moreover, the pleading itself is bare of anything other than legal conclusions, unsupported by any actual facts. The allegations are pled in the negative, except for the allegation of pre-emption of state law at Complaint 5:23-24, which is based upon a false premise that California's anti-spam law, Cal. Bus. & Prof. Code § 17529.5, purportedly requires that claims be "based on traditional common law theories of falsity or deceit." Numerous federal courts in California have held that federal law preempts state law except for falsity or deception, *not* common-law

**8**

fraud.  Moreover, the California Court of Appeal definitively held that Bus. & Prof. Code § 17529.5, which only applies to false and deceptive spams, is *not* preempted by the CAN-SPAM Act.   *Hypertouch Inc. v. ValueClick Inc.*, 192 Cal. App. 4th 805, 825 (2d Dist. 2011).

**D.  Plaintiffs Did Not Properly Serve Riley**

California Code of Civil Procedure § 415.20 requires that for substitute service, after leaving a copy of the complaint with the person apparently in charge of the work location, a plaintiff must thereafter mail a copy of the summons and complaint by first-class mail, postage prepaid, to the address where the summons and complaint were left.

Riley never received the follow-up mailing.  Even though she had actual notice of this Action, "[t]he law traditionally has not accepted actual notice as a substitute for proper service of process, taking the view that a defendant need not respond if the plaintiff has not observed the statutory requirements for service of summons and complaint."  *Engebretson & Co. Inc. v. Harrison*, 125 Cal. App. 3d 436, 443 (4th Dist. 1981).  Therefore, because Riley was never properly served with the Complaint, this Court does not have jurisdiction over this dispute at the present time.

## IV.  CONCLUSION

Based upon the foregoing, Riley requests that this Court grant her Motion to Dismiss the Complaint.

LAW OFFICES OF TIMOTHY WALTON


Dated:  September 26, 2011                              /s Timothy Walton

                                                                        Timothy J. Walton

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**