1   Timothy J. Walton (State Bar No. 184292)
    LAW OFFICES OF TIMOTHY WALTON
2   9515 Soquel Drive Suite #207
    Aptos, CA 95003
3   Phone: (831) 685-9800
    Fax: (650) 618-8687
4
    Daniel L. Balsam (State Bar No. 260423)
5   THE LAW OFFICES OF DANIEL BALSAM
    2912 Diamond Street #218
6   San Francisco, CA 94131
    Tel. & Fax: (415) 869-2873
7
    Attorneys for Cross-Complainants
8   CATHY RILEY and KRISTINA KIRBY

9
                        **UNITED STATES DISTRICT COURT**
10
                       **NORTHERN DISTRICT OF CALIFORNIA**
11

12  DAVISON DESIGN & DEVELOPMENT          ) Case No.        CV-11-2970 (EDL)
    INC., *et al.*,                        )
13                                         ) **COUNTER-CLAIMS**
                    Plaintiffs,            )
14                                         ) **1.  RESTRICTIONS ON UNSOLICITED**
            vs.                            )     **COMMERCIAL E-MAIL (Cal. Bus. &**
15                                         )     **Prof.  Code § 17529.5)**
    CATHY RILEY [erroneously sued as       ) **2.  CONSUMERS LEGAL REMEDIES**
16  Catherine Riley],                      )     **ACT (Cal. Civ. Code § 1750 *et seq.*)**
                                           )
17                  Defendant.            ) **DEMAND FOR JURY TRIAL (N.D. Cal.**
    _____   ) **Rule 3-6(a))**
18                                         )
    CATHY RILEY, an individual, and        )
19  KRISTINA KIRBY, an individual,         )
                                           )
20                  Counter-claimants,     )
                                           )
21          vs.                            )
                                           )
22  SPIRE VISION HOLDINGS INC., a          )
    Delaware corporation,                  )
23  CAIVIS ACQUISITION CORP. II, a         )
    Delaware corporation,                  )
24  _____   )

**1**

| | |
|---|---|
| CAIVIS ACQUISITION CORP. III, a Delaware corporation, | ) |
| XL MARKETING CORP., a Delaware corporation, | ) |
| SPIRE VISION LLC, a Delaware limited liability company, | ) |
| PROADVERTISERS LLC, a Delaware limited liability company, | ) |
| PRIME ADVERTISERS LLC, a Nevada limited liability company, | ) |
| MEDIACTIVATE LLC, a Nevada limited liability company, | ) |
| CONNECTIONCENTRALS, a business entity of unknown organization, | ) |
| SILVERINTERACTIVE, a business entity of unknown organization, | ) |
| DIGITAL PUBLISHING CORP., a business entity of unknown organization, | ) |
| WARD MEDIA INC., a Delaware corporation, | ) |
| ONDEMANDRESEARCH.COM, a business entity of unknown organization, | ) |
| 60MINUTEPAYDAY.COM, a business entity of unknown organization, | ) |
| ZACH ROBBINS, an individual, | ) |
| AARP, a Washington DC non-profit corporation, | ) |
| ACCELERATED PERFORMANCE – CHANNEL MANAGEMENT LLC, a business entity of unknown organization, | ) |
| ACCELERATED TAX SOLUTIONS INC., a Florida corporation, | ) |
| AFFILIATENETWORK.COM MARKETING LLC, a New York limited liability company, | ) |
| AUTOTEGRITY INC., a Delaware corporation, | ) |
| STACEY BRUCK, an individual, | ) |
| CASHFAST123 LLC, a Delaware limited liability company, | ) |
| CHANNEL CLARITY INC., an Illinois corporation, | ) |
| CONSUMERINJURYALERT.COM, a business entity of unknown organization, | ) |
| DAVISON DESIGN & DEVELOPMENT INC., a Pennsylvania corporation, | ) |

**2**

**COUNTER-CLAIMS**

| | |
|---|---|
| GMB DIRECT INC., a business entity of unknown organization, | ) |
| THE GREAT AMERICAN PHOTO CONTEST LLC, a New Jersey limited liability company, | ) |
| WHAT IF HOLDINGS LLC, a New Jersey limited liability company, | ) |
| KEYWEBJOBS.COM, a business entity of unknown organization, | ) |
| LIFESCRIPT INC., a Delaware corporation, | ) |
| MYPHOTOGRAPHYCAREER.COM, a business entity of unknown organization, | ) |
| POLICYGO.COM, a business entity of unknown organization | ) |
| QUOTEWIZARD.COM LLC, a Delaware limited liability company, | ) |
| SPARK NETWORKS USA LLC, a Delaware limited liability company, and | ) |
| DOES 1-100, | ) |
| Counter-defendants. | ) |

## I. __INTRODUCTION__

1.      Cathy Riley ("Riley") and Kristina Kirby ("Kirby") (collectively, Counter-claimants) bring these counter-claims against Counter-defendants for sending and advertising in at least 88 misleading Unsolicited Commercial Emails ("UCEs" or "spams") in 2011 that violated Cal. Business & Professions Code § 17529.5.  Counter-claimants seek statutory damages of $1,000 per email and attorneys' fees.

2.      Riley also brings counter-claims against Davison Design & Development Inc. for violations of the Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq*., and seeks punitive damages, injunctive relief, and attorneys' fees.

//

//

//

## II.  <u>PARTIES</u>

**A.  <u>Counter-Complainants</u>**

3.     Cathy Riley ("Riley") is an individual and was, at all relevant times, a resident of the State of California, within the Northern District.  Riley is not an Internet Service Provider ("ISP").  Riley's email address at which she received the spams at issue in this Counter-claim is a "California email address."  *See* Cal. Bus. & Prof. Code § 17529.1(b)(2) and (3).

4.     Kristina Kirby ("Kirby") is an individual and was, at all relevant times, a resident of the State of California, within the Northern District.  Kirby is not an Internet Service Provider ("ISP").  Kirby's email address at which she received the spams at issue in this Counter-claim is a "California email address."  *See* Cal. Bus. & Prof. Code § 17529.1(b)(2) and (3).

**B.  <u>Spire Vision Counter-Defendants</u>**

5.     Riley and Kirby are informed and believe and thereon allege that Spire Vision Holdings Inc. is currently, and was at all relevant times, a Delaware corporation headquartered in New York, New York.  Riley and Kirby are informed and believe and thereon allege that Spire Vision Holdings Inc. is a wholly-owned subsidiary of XL Marketing Corp., focused on internet marketing, and its activities include sending and advertising in unlawful spams.

6.     Riley and Kirby are informed and believe and thereon allege that Caivis Acquisition Corp. II is currently, and was at all times relevant herein, a Delaware corporation headquartered in Washington, District of Columbia.  Riley and Kirby are informed and believe and thereon allege that Caivis Acquisition Corp. II wholly owns a range of subsidiaries, each focused on a particular area of internet marketing, and its activities include sending and advertising in unlawful spams.

7.     Riley and Kirby are informed and believe and thereon allege that Caivis Acquisition Corp. III is currently, and was at all times relevant herein, a Delaware corporation headquartered

**4**

in Washington, District of Columbia.  Riley and Kirby are informed and believe and thereon allege that Caivis Acquisition Corp. III wholly owns a range of subsidiaries, each focused on a particular area of internet marketing, and its activities include sending and advertising in unlawful spams.

8.     Riley and Kirby are informed and believe and thereon allege that XL Marketing Corp. is currently, and was at all times relevant herein, a Delaware corporation headquartered in New York, New York.  Riley and Kirby are informed and believe and thereon allege that XL Marketing Corp. wholly owns a range of subsidiaries, each focused on a particular area of internet marketing, and its activities include sending and advertising in unlawful spams.

9.     Riley and Kirby are informed and believe and thereon allege that Spire Vision LLC is currently, and was at all relevant times, a Delaware limited liability company headquartered in New York, New York.  Riley and Kirby are informed and believe and thereon allege that Spire Vision LLC is focused on internet marketing, and its activities include sending and advertising in unlawful spams.

10.     Riley and Kirby are informed and believe and thereon allege that ProAdvertisers LLC is currently, and was at all relevant times, a Delaware limited liability company headquartered in Bear, Delaware.  Riley and Kirby are informed and believe and thereon allege that ProAdvertisers LLC is a wholly-owned subsidiary of Spire Vision Holdings Inc., focused on internet marketing, and its activities include sending and advertising in unlawful spams.

11.     Riley and Kirby are informed and believe and thereon allege that Prime Advertisers LLC is currently, and was at all relevant times, a Nevada limited liability company headquartered in Reno, Nevada.  Riley and Kirby are informed and believe and thereon allege that Prime

**COUNTER-CLAIMS**

1    Advertisers LLC is a wholly-owned subsidiary of Spire Vision Holdings Inc., focused on internet

2    marketing, and its activities include sending and advertising in unlawful spams.

3    12.    Riley and Kirby are informed and believe and thereon allege that MediActivate LLC is

4    currently, and was at all relevant times, a Nevada limited liability company headquartered in Las

5    Vegas, Nevada.  Riley and Kirby are informed and believe and thereon allege that MediActivate

6    LLC is a wholly-owned subsidiary of Spire Vision Holdings Inc., focused on internet marketing,

7    and its activities include sending and advertising in unlawful spams.

8    13.    Riley and Kirby are informed and believe and thereon allege that ConnectionCentrals is,

9    and was at all relevant times, a business entity of unknown organization, claiming its address to

10   be a box at a commercial mail receiving agency in Flint, Michigan.  Riley and Kirby are

11   informed and believe and thereon allege that notwithstanding Counter-defendants' claims that

12   ConnectionCentrals is a Delaware series limited liability company, neither the Delaware nor

13   Michigan Secretary of State websites have any such entity on file.  Riley and Kirby are informed

14   and believe and thereon allege that ConnectionCentrals is a subsidiary or division or brand of XL

15   Marketing Corp. and/or its subsidiaries and is focused on internet marketing, and its activities

16   include sending and advertising in unlawful spams.

17   14.    Riley and Kirby are informed and believe and thereon allege that SilverInteractive is, and

18   was at all relevant times, a business entity of unknown organization, claiming its address to be a

19   box at a commercial mail receiving agency in Milford, Connecticut.  Riley and Kirby are

20   informed and believe and thereon allege that notwithstanding claims on the *SilverInteractive.com*

21   website that SilverInteractive is a limited liability company, neither the Delaware nor

22   Connecticut Secretary of State websites have any such entity on file.  Riley and Kirby are

23   informed and believe and thereon allege that SilverInteractive is a subsidiary or division or brand

24

**6**

**COUNTER-CLAIMS**

of XL Marketing Corp. and/or its subsidiaries and is focused on internet marketing, and its activities include sending and advertising in unlawful spams.

15.     Riley and Kirby are informed and believe and thereon allege that Digital Publishing Corp. is a business entity of unknown organization with a primary place of business in Washington, District of Columbia, and operates the *FindAccountingPrograms.com* and *FindMBAPrograms.com* websites, and its activities include sending and advertising in unlawful spam.

16.     Riley and Kirby are informed and believe and thereon allege that Ward Media Inc. is, and was at all relevant times, a Delaware corporation with a primary place of business in New York, New York, and operates the *ElementaryTeaching.org* website, and its activities include sending and advertising in unlawful spam.

17.     Riley and Kirby are informed and believe and thereon allege that *OnDemandResearch.com* is, and was at all relevant times, a business entity of unknown organization with a primary place of business in New York, New York, and operates the *OnDemandResearch.com* website, and its activities include sending and advertising in unlawful spam.

18.     Riley and Kirby hereafter refer to Spire Vision Holdings Inc., Caivis Acquisition Corp. II, Caivis Acquisition Corp. III, XL Marketing Corp., Spire Vision LLC, ProAdvertisers LLC, Prime Advertisers LLC, MediActivate LLC, ConnectionCentrals, SilverInteractive, Digital Publishing Corp., Ward Media Inc., and *OnDemandResearch.com* collectively as "Spire Vision."

**C.  Other Counter-Defendants**

19.     Riley and Kirby are informed and believe and thereon allege that *60MinutePayday.com* is, and was at all relevant times, a business entity of unknown organization, claiming a principal place of business in Walnut, California.

**COUNTER-CLAIMS**

20.    Riley and Kirby are informed and believe and thereon allege that Zach Robbins is, and was at all relevant times, an individual residing in Glassboro, New Jersey, and operates the *60MinutePayday.com* website.

21.    Riley and Kirby are informed and believe and thereon allege that AARP is, and was at all relevant times, a District of Columbia non-profit corporation with a primary place of business in Washington, District of Columbia, and operates the *AARP.com* website.

22.    Riley and Kirby are informed and believe and thereon allege that Accelerated Performance – Channel Management LLC ("APCM") is a business entity of unknown organization with a primary place of business in Los Angeles, California, and operates the *AlmightyBible-Promotions.com* website.

23.    Riley and Kirby are informed and believe and thereon allege that Accelerated Tax Solutions Inc. is, and was at all relevant times, a Florida corporation with a primary place of business in North Miami Beach, Florida, and operates the *AcceleratedTaxSolutions.com* website.

24.    Riley and Kirby are informed and believe and thereon allege that AffiliateNetwork.com Marketing LLC is, and was at all relevant times, a New York limited liability company with a primary place of business in New York, New York, and operates the *WinHundred.com* and *MediaSSLServer.com* websites.

25.    Riley and Kirby are informed and believe and thereon allege that Autotegrity Inc. is, and was at all relevant times, a Delaware corporation with a primary place of business in Wakefield, Massachusetts or Cambridge, Massachusetts, and operates the *Auto-Price-Finder.com* website.

26.    Riley and Kirby are informed and believe and thereon allege that Stacey Bruck is, and was at all relevant times, an individual residing in Austin, Texas, and operates the *FiveStarAutoProtection.com* website.

27.     Riley and Kirby are informed and believe and thereon allege that CashFast123 LLC is, and was at all relevant times, a Delaware limited liability company with a primary place of business in Phoenix, Arizona, and operates the *CashHandshake.com* website.

28.     Riley and Kirby are informed and believe and thereon allege that Channel Clarity Inc. is, and was at all relevant times, an Illinois corporation with a primary place of business in Chicago, Illinois, and operates the *GetUnemploymentBenefits.com* and *ResourcesForAmericans.info* websites.

29.     Riley and Kirby are informed and believe and thereon allege that *ConsumerInjuryAlert.com* is, and was at all relevant times, a business entity of unknown organization with a primary place of business in San Diego, California, and operates the *ConsumerInjuryAlert.com* website.

30.     Riley and Kirby are informed and believe and thereon allege that Davison Design & Development Inc. ("Davison") is, and was at all relevant times, a Pennsylvania corporation with a primary place of business in Pittsburgh, Pennsylvania, and operates the *Davison.com* website. Davison advertises that it can develop inventions, but Riley and Kirby are informed and believe and thereon allege that it has no real ability to do so.  The Federal Trade Commission sued Davison & Associates Inc. (Davison's predecessor company) and its principals for fraudulent business practices related to invention development.  Davison admits on its website, on a page titled "Affirmative Disclosure Statement" that can only be reached via a small, light-blue-on-dark-blue link at the bottom of the homepage, that only 14 of 53,000 clients in the last five years realized a net profit from Davison's work.  Thus, Riley and Kirby are informed and believe that 99.97% of would-be inventors lost money working with Davison.  Davison also discloses that only 0.001% of its income came from royalties on licenses of consumers' products, which means that 99.999% of Davison's income comes from up-front flat fees paid by would-be inventors.

Riley and Kirby are informed and believe and thereon allege that every "Davison licensing deal" has a royalty component, and since 0.001% of its income comes from royalties, Davison's disclosures indicate that it has no real ability to actually successfully develop products and bring them to market.

31.     Riley and Kirby are informed and believe and thereon allege that GMB Direct Inc. is a business entity of unknown organization with a primary place of business in New York, New York, and operates the *ChristianJobsFinder.com* and *JobAlertsUSA.com* websites.

32.     Riley and Kirby are informed and believe and thereon allege that The Great American Photo Contest LLC is, and was at all relevant times, a New Jersey limited liability company with a primary place of business in Tenafly, New Jersey, and operates the *GreatAmericanPhoto Contests.com* website.

33.     Riley and Kirby are informed and believe and thereon allege that What If Holdings LLC is, and was at all relevant times, a New Jersey limited liability company with a primary place of business in Tenafly, New Jersey, and operates the *GreatAmericanPhotoContests.com* website.

34.     Riley and Kirby are informed and believe and thereon allege that *KeyWebJobs.com* is, and was at all relevant times, a business entity of unknown organization with a primary place of business in Trinity, Florida or New York, New York, and operates the *KeyWebJobs.com* website.

35.     Riley and Kirby are informed and believe and thereon allege that Lifescript Inc. is, and was at all relevant times, a Delaware corporation with a primary place of business in Mission Viejo, California, and operates the *Lifescript.com* website.

36.     Riley and Kirby are informed and believe and thereon allege that *MyPhotography Career.com* is, and was at all relevant times, a business entity of unknown organization with a

**COUNTER-CLAIMS**

1   primary place of business in Seattle, Washington, and operates the *MyPhotographyCareer.com*

2   website.

3   37.     Riley and Kirby are informed and believe and thereon allege that *PolicyGo.com* is, and

4   was at all relevant times, a business entity of unknown organization with a primary place of

5   business in Miami, Florida and operates the *PolicyGo.com* website.

6   38.     Riley and Kirby are informed and believe and thereon allege that QuoteWizard LLC is,

7   and was at all relevant times, a Delaware limited liability company with a primary place of

8   business in Seattle, Washington, and operates the *SaveUpTo800.com* website.

9   39.     Riley and Kirby are informed and believe and thereon allege that Spark Networks USA

10  LLC is, and was at all relevant times, a Delaware limited liability company with a primary place

11  of business in Beverly Hills, California, and operates the *BlackSingles.com* website.

12  40.     Riley and Kirby do not know the true names or legal capacities of the counter-defendants

13  sued herein as Does 1 through 100, inclusive, and therefore sue these defendants under such

14  fictitious names.  Riley and Kirby will amend this Counter-claim to allege their true names and

15  capacities when ascertained.  Riley and Kirby are informed and believe and thereon allege that

16  each fictitiously named counter-defendant is responsible in some manner for the matters alleged

17  herein, and that Riley and Kirby' injuries and damages alleged herein were proximately caused

18  by their conduct.

19

20                                          **IV.  FACTS**

21  41.     Riley and Kirby are informed and believe and thereon allege that at least some of the

22  Spire Vision Counter-defendants hold themselves out as an advertising network, connecting

23  advertisers (such as Davison) with *third party* publishers or affiliates.  *See, e.g.,Commission*

24  *Wizard.com* – a website owned by Spire Vision.  However, Spire Vision actually sent the spams

1    at issue *themselves*, but took extraordinary steps to hide their identities as they did so.  Spire

2    Vision only identified themselves in the spams as "ConnectionCentrals" and "SilverInteractive,"

3    non-existent companies, claiming addresses at commercial mail receiving agencies in Flint,

4    Michigan and Milford, Connecticut, respectively.  Moreover, the domain names advertised in

5    and used to send the spams were registered to "ConnectionCentrals" and "SilverInteractive."

6    Riley and Kirby are informed and believe and thereon allege that Spire Vision engaged in this

7    scheme to prevent anyone from identifying Spire Vision as the true source of the spams by

8    querying the Whois database.

9    42.    The emails at issue in this Counter-claim were all "commercial email advertisements"

10   because they advertised and promoted the lease, sale, rental, gift offer, or other disposition of any

11   property, goods, services, or extension of credit.  *See* Cal. Bus. & Prof. Code § 17529.1(c).

12   43.    The emails at issue in this Counter-claim were all "unsolicited commercial email

13   advertisements" because neither Riley nor Kirby ever gave "direct consent" to any Counter-

14   defendant to send them commercial email, and neither Riley nor Kirby ever had a "preexisting or

15   current business relationship" with any Counter-defendant.  *See* Cal. Bus. & Prof. Code

16   § 17529.1(o), (d), (*l*).

17   44.    Spire Vision and other Counter-defendants advertised in and sent at least 71 spams to

18   Riley.

19   45.    Spire Vision and other Counter-defendants advertised in and sent at least 17 spams to

20   Kirby.

21   46.    The dozens of domain names hyperlinked and advertised in the spams are owned and

22   operated by Spire Vision.  A person who clicks on a link in the spam causes his or her computer

23   to launch an Internet browser, which redirects through *PromotionsTargeted.com*, also owned and

24

**12**

**COUNTER-CLAIMS**

operated by Spire Vision, and eventually ends up at the final "destination" websites.  Some of destination websites, such as *OnDemandResearch.com*, are owned and operated by Spire Vision.  Other destination websites, such as *Davison.com*, are owned and operated by other advertisers, such as Davison.

**A.  <u>Spams Advertising Spire Vision's Own "Destination Websites" (10)</u>**

47.     Kirby received spams advertising Spire Vision/Digital Publishing Corp.'s website *FindMBAPrograms.com* on August 13, 2011 with the From Name "BecomeAnEventPlanner," and on August 22, 2011 with the From Name "Event Planner Training."  Neither From Name identifies Spire Vision or Digital Publishing Corp.  Both From Names are misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds of sources that can provide training to become an event planner, including but not limited to *Tisoh.com* or *QCEventPlanning.com*.  The From Names are further misleading because a person does not need an MBA (Masters of Business Administration) degree to become an event planner.

48.     Kirby received spams advertising Spire Vision/Digital Publishing Corp.'s website *FindAccountingPrograms.com* on August 24, 2011 with the From Name "Accounting Programs" and on August 25, 2011 with the From Name "Become an Accountant."  Neither From Name identifies Spire Vision or Digital Publishing Corp.  Both From Names are misleading as to who the spams are actually *from*.  The From Names could just as easily refer to any of hundreds if not thousands of sources that can provide training to become an accountant, including but not limited to *Phoenix.edu* or *AccountingCoach.com.*

49.     Kirby received spams advertising Spire Vision/Ward Media Inc.'s website *ElementaryTeaching.org* on August 25, 2011 with the From Name "Become a Teacher" and on August 25, 2011 with the From Name "BeAnElementaryTeacher."  Neither From Name identifies Spire Vision or Digital Publishing Corp.  Both From Names are misleading as to who

**13**

1    the spams are actually *from*.  The From Names could just as easily refer to any of hundreds if not

2    thousands of entities that can provide training to become an elementary school teacher, including

3    but not limited to *Phoenix.edu* or *MontessoriTraining.net*.

4    50.    Kirby received spams advertising Spire Vision/*OnDemandResearch.com*'s website

5    *OnDemandResearch.com* on August 22 and August 24, 2011 with the From Name "CheckCard

6    Survey" and the Subject Line "Complete our job survey for a $500 Free Check Card," and on

7    August 23, 2011 with the From Name "CheckCard Survey" and the Subject Line "Take Our

8    Survey Roger Kirby for a Free $500 Card."  The From Names do not identify Spire Vision or

9    *OnDemandResearch.com*.  The From Names are misleading as to who the spams are actually

10   *from*; "CheckCard Survey" does not identify anyone.  The Subject Lines are further misleading

11   because the $500 check card is *not* free; a person has to also "complete sponsor offers" which

12   Kirby is informed and believes and thereon alleges involves spending money.

13   51.    Kirby received a spam advertising Spire Vision/*OnDemandResearch.com*'s website

14   *OnDemandResearch.com* on August 24, 2011 with the From Name "OnDemand Survey" and the

15   Subject Line "Receive a Free $20 Gas Card Roger Kirby. Take this Survey."  The From Name

16   does not identify Spire Vision or *OnDemandResearch.com*.  The From Name is misleading as to

17   who the spam is actually *from*; "OnDemand Survey" does not identify anyone.  The Subject Line

18   is further misleading because the $20 gas card is *not* free; a person has to also "complete

19   participation requirements" which Kirby is informed and believes and thereon alleges involves

20   spending money.

21   **B.  Spams Advertising Spire Vision and *60MinutePayday.com*/Zach Robbins (1)**

22   52.    Riley received a spam advertising Spire Vision and *60MinutePayDay.com* and/or Zach

23   Robbins' website *60MinutePayday.com* on March 27, 2011 with the From Name "Customer

24   Relations."  The From Name does not identify Spire Vision or *60MinutePayday.com* and/or Zach

**14**

Robbins.  The From Name is misleading as to who the spam is actually *from*.  Riley is informed

and believes and thereon alleges that "Customer Relations" is not a dba or a registered fictitious

business name, and is so broad as to be utterly meaningless.

**C.  Spams Advertising Spire Vision and AARP (1)**

53.     Riley received a spam advertising Spire Vision and AARP's website *AARP.com* on April

2, 2011 with the From Name "Benefitsfor50plus."  The From Name does not identify Spire

Vision or AARP.  The From Name is misleading as to who the spam is actually *from*.  Such a

From Name could just as easily refer to websites such as *50Plus.com* or even a "senior dating

website" such as *SeniorPeopleMeet.com*.

**D.  Spams Advertising Spire Vision and Accelerated Performance – Channel Management
     LLC (3)**

54.     Riley received two spams advertising Spire Vision and APCM's website *AlmightyBible-

Promotions.com* on March 27, 2011 with the From Name "Books for Children," and one spam

on March 28, 2011 with the From Name "Kids Bible."  The From Names do not identify Spire

Vision or APCM.  The From Names are misleading as to who the spams are actually *from*.  The

From Name "Books for Children" could just as easily refer to the National Education

Association's list of "Teachers' Top 100 Books for Children," *available at http://www.nea.org/

grants/13154.htm*.  The From Name "Kids Bible" could just as easily refer to many websites,

including but not limited to *ChildrensBible.com* or *BibleforChildren.org*.

**E.  Spams Advertising Spire Vision and Accelerated Tax Solutions Inc. (1)**

55.     Riley received a spam advertising Spire Vision and Accelerated Tax Solutions Inc.'s

website *AcceleratedTaxSolutions.com* on April 1, 2011 with the From Name "Professional Tax

Consultants."  (The body of the spam incorrectly referred to "Accredited Tax Solutions.")  The

From Name does not identify Spire Vision or Accelerated Tax Solutions Inc.  The From Name is

misleading as to who the spam is actually *from*.  Such a From Name could just as easily refer to any of thousands of professional tax consultants, including but not limited to *LibertyTax.com* or *HRBlock.com*.

**F.  Spams Advertising Spire Vision and AffiliateNetwork.com Marketing LLC (1)**

56.      Riley received a spam advertising Spire Vision and AffiliateNetwork.com Marketing Inc.'s websites *WinHundred.com* and *MediaSSLServer.com* on April 4, 2011 with the From Name "Credit Card Services."  The From Name does not identify Spire Vision or AffiliateNetwork.com Marketing LLC.  The From Name is misleading as to who the spam is actually *from*.  Such a From Name could just as easily refer to any of thousands of credit card issuing banks, credit unions, or merchants… and could easily mislead the recipient into thinking that the email was from him his or her *own* credit card issuer, as opposed to a solicitation for a new credit card.

**G.  Spams Advertising Spire Vision and Autotegrity Inc. (6)**

57.      Riley received spams advertising Spire Vision and Autotegrity Inc.'s website *Auto-Price-Finder.com* on March 10, 2011 with the From Name "Best New Car Deals," on March 25, 2011 with the From Name "Low Prices on New Cars," on March 28, 2011 with the From Name "Best New Car Deals," on March 29, 2011 with the From Name "Car Quotes Compared," and on March 31, 2011 with the From Name "Car Quotes Compared."  The From Names do not identify Spire Vision or Autotegrity Inc.  The From Names are misleading as to who the spams are actually *from*.  The From Names could just as easily refer to any of hundreds if not thousands of websites that sell cars or direct consumers to retailers who sell cars, including but not limited to *AutoTrader.com* or *AutoWeb.com*..

58.      Kirby received a spam advertising Spire Vision and Autotegrity Inc.'s website *Auto-Price-Finder.com* on August 17, 2011 with the From Name "Best New Car Deals."  The From

Name does not identify Spire Vision or Autotegrity Inc.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites that sell cars or direct consumers to retailers who sell cars, including but not limited to *AutoTrader.com* or *AutoWeb.com*.

**H.  Spams Advertising Spire Vision and Stacey Bruck (2)**

59.     Riley received spams advertising Spire Vision and Stacey Bruck's website *FiveStarAutoProtection.com* on March 29 and April 3, 2011 with the From Name "Vehicle Protection."  The From Names do not identify Spire Vision or Stacey Bruck/*FiveStarAuto Protection.com*.  The From Names are misleading as to who the spams are actually *from*.  The From Names could just as easily refer to any of hundreds if not thousands of websites related to "vehicle protection," which could include anything from insurance to rustproofing to alarms to Lojack recovery systems.

**I.  Spams Advertising Spire Vision and CashFast123 LLC (1)**

60.     Riley received a spam advertising Spire Vision and CashFast 123 LLC's website *CashHandshake.com* on March 6, 2011 with the From Name "FastLoans."  The From Name does not identify Spire Vision or CashFast123 LLC.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites offering fast loans, including but not limited to *FastLoan.org* or *Real-Fast-Loans.com*.

**J.  Spams Advertising Spire Vision and Channel Clarity Inc. (4)**

61.     Riley received spams advertising Spire Vision and Channel Clarity Inc.'s website *GetUnemploymentBenefits.com* on March 25 and March 28, 2011 with the From Name "Extended Unemployment Benefits."  The From Names do not identify Spire Vision or Channel Clarity Inc./*GetUnemploymentBenefits.com*.  The From Names are misleading as to who the

1  spams are actually *from*.  The From Names could just as easily refer to any of hundreds if not

2  thousands of websites related to obtaining unemployment benefits, including but not limited to

3  state Department of Labor websites.

4  62.   Riley received spams advertising Spire Vision and Channel Clarity Inc.'s website

5  *ResourcesForAmericans.info* on March 27 and March 30, 2011 with the From Name

6  "Government Resources Approval."  The From Names do not identify Spire Vision or Channel

7  Clarity Inc./*ResourcesForAmericans.info*.  The From Names are misleading as to who the spams

8  are actually *from*.  The From Names could just as easily refer to any of hundreds if not thousands

9  of websites related to obtaining government resources – not that the *kind* of resources is stated –

10  including but not limited to actual government-operated websites.

11  **K.  Spams Advertising Spire Vision and *ConsumerInjuryAlert.com* (1)**

12  63.   Kirby received a spam advertising Spire Vision and *ConsumerInjuryAlert.com* on August

13  18, 2011 with the From Name "Zoloft Attorney."  The From Name does not identify Spire

14  Vision, *ConsumerInjuryAlert.com*, or any attorney.  The From Name is misleading as to who the

15  spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not

16  thousands of attorneys litigating Zoloft-related birth defects.

17  **L.  Spams Advertising Spire Vision and Davison Design & Development Inc. (17)**

18  64.   Riley received spams advertising Spire Vision and Davison on February 22, 2011 with

19  the Subject Line "Invent and We will develop it"; on February 23, 2011 with the From Name

20  "Cathy Riley DavisonDesigns"; on February 27, 2011 with the From Name "Cathy Riley

21  DavisonDesigns" and the Subject Line "Value your idea Cathy Riley. Turn your idea into a

22  product."; on March 3, 2011 with the From Name "Cathy Riley DavisonDesigns" and the

23  Subject Line "Invent and We will develop it"; on March 7, 2011 with the Subject Line "Invent

24  and We will develop it"; on March 13, 2011 with *no* From Name or Subject Line; on March 14,

**18**

**COUNTER-CLAIMS**

2011 with the Subject Line "Invent and We will develop it"; on March 17, 2011 with the From Name "Cathy Riley DavisonDesigns" and the Subject Line "Invent and We will develop it"; on March 20, 2011 with *no* Subject Line; on March 22, 2011 with *no* Subject Line; two on March 23, 2011 with *no* From Name or Subject Line; on March 31, 2011 with the Subject Line "Invent and We will develop it"; on March 31, 2011 with the From Name "Cathy Riley DavisonDesigns" and the Subject Line "Value your idea Cathy Riley. Turn your idea into a product."; on April 1, 2011 with the Subject Line "Invent and We will develop it"; and on April 5, 2011 with the From Name "Cathy Riley DavisonDesigns" and the Subject Line "Value your idea Cathy Riley. Turn your idea into a product."

65.     Kirby received a spam advertising Spire Vision and Davison on August 23, 2011 with the From Name "Roger Kirby DavisonDesigns" and the Subject Line "Invent and We will develop it."

66.     The From Names that include Cathy Riley and Roger Kirby are misleading because these spams were not *from* Cathy Riley or Roger Kirby.

67.     The Subject Lines that include "Invent and We will develop it" and "Turn your idea into a product" are false and are misleading because a reasonable recipient is likely to believe that Davison actually has the ability to develop inventions, to turn ideas into products, and to bring products to market, when Riley and Kirby are informed and believe and thereon allege that it has no ability to do so.

68.     The blank From Names and Subject Lines also misrepresent the source of the emails and the contents of the emails.

**M.  Spams Advertising Spire Vision and GMB Direct Inc. (3)**

69.     Riley received a spam advertising Spire Vision and GMB Direct Inc.'s website *JobAlertsUSA.com* on March 29, 2011 and two spams on March 30, 2011 with the From Name

"ChristianJobs."  The From Names do not identify Spire Vision or GMB Direct Inc.  The From Names are misleading as to who the spams are actually *from.*  The From Names could just as easily refer to any of hundreds if not thousands of websites related to Christian jobs, including but not limited to *ChristianJobs.com* or *MinistryEmployment.com.*

## N.  Spams Advertising Spire Vision and The Great American Photo Contest LLC/What If Holdings LLC (1)

70.    Kirby received a spam advertising Spire Vision and The Great American Photo Contest LLC/What If Holdings LLC's website *GreatAmericanPhotoContests.com* on August 13, 2011 with the From Name "Pet Contest."  The From Name does not identify Spire Vision or The Great American Photo Contest LLC/What If Holdings LLC.  The From Name is misleading as to who the spams are actually *from.*  The From Name could just as easily refer to any of hundreds if not thousands of websites related to pet contests, including but not limited to *CutestPetContest.com* or *PetCentric.com.*

## O.  Spams Advertising Spire Vision and *KeyWebJobs.com* (3)

71.    Kirby received spams advertising Spire Vision and *KeyWebJobs.com* on August 14, August 22, and August 23, 2011 with the From Name "Scott K.May."  The From Name does not identify Spire Vision or *KeyWebJobs.com*, and in fact the body of each spam identifies the sender as "Scott Hunter."

## P.  Spams Advertising Spire Vision and Lifescript Inc. (3)

72.    Riley received spams advertising Spire Vision and LifeScript Inc.'s website *LifeScript.com* on April 2, 2011 with the From Name "FREECoupons," and two on April 4, 2011 with the From Name "Free Snuggle Sample."  The From Name does not identify Spire Vision or Lifescript Inc.  The From Name is misleading as to who the spams are actually *from.*  The From Name could just as easily refer to any of hundreds if not thousands of websites related to

coupons (e.g., *FreeCoupons.com* or *Valpak.com*) and free Snuggle samples (e.g., *FrugalDay.com* or *Free4Her.info*).

**Q.  Spams Advertising Spire Vision and *MyPhotographyCareer.com* (3)**

73.     Riley received spams advertising Spire Vision and *MyPhotographyCareer.com* *LifeScript.com* on March 24, 2011 with the From Name "Photography Degree Search," on March 26, 2011 with the From Name "Photography Degree Search," and on April 2, 2011 with the From Name "Photography Education Network."  None of these From Name identify Spire Vision or *MyPhotographyCareer.com*.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites related to careers in photography, including but not limited to *Photography.Hallmark. edu* or *AllArtSchools.com*.

**R.  Spams Advertising Spire Vision and *PolicyGo.com* (7)**

74.     Riley received spams advertising Spire Vision and *PolicyGo.com* on March 21, 2011 with the From Name "Life Insurance Policies," on March 23, March 24, March 26, and April 4, 2011 with the From Name "Best Life Insurance," and on April 1, 2011 with the From Name "Life Insurance."  None of these From Name identify Spire Vision or *PolicyGo.com*.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites selling life insurance or directing consumers to life insurance providers, including but not limited to *LifeInsurancePolicies.com* or *MetLife.com*.

75.     Kirby received a spam advertising Spire Vision and *PolicyGo.com* on August 16, 2011 with the From Name "Roger Kirby Life Insurance."  This From Name does not identify Spire Vision or *PolicyGo.com*.  The From Name is misleading as to who the spams were actually *from*. Kirby's first name is Kristina, not Roger, but even if her name were Roger, this From Name

misrepresents the source of the email because it falsely suggests that the sender had or has a relationship with Roger Kirby.

**S.  Spams Advertising Spire Vision and QuoteWizard.com LLC (12)**

76.     Riley received spams advertising Spire Vision and QuoteWizard.com LLC's website *SaveUpTo800.com* on March 7, 2011 with the From Name "Car Insurance Policies," on March 7, March 30, and April 3, 2011 with the From Name "Best Car Insurance," on March 13 and March 16, 2011 with the From Name "Car Insurance Alternatives," on March 25, 2011 with the From Name "Insurance Secrets," two on April 1 and three on April 5, 2011 with the From Name "Best Insurance."  None of these From Name identify Spire Vision or QuoteWizard.com LLC.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites selling car insurance or directing consumers to car insurance providers, including but not limited to *Esurance.com* or *MyCarInsuranceRates.com*.

**T.  Spams Advertising Spire Vision and Spark Networks USA LLC (5)**

77.     Riley received spams advertising Spire Vision and Spark Networks USA LLC's website *BlackSingles.com* on February 26, March 5, March 29, and March 30, 2011 with the From Name "Black Singles Dating," and on April 4, 2011 with the From Name "Black Singles Site."  Neither of these From Name identifies Spire Vision or Spark Networks USA LLC/*BlackSinglesDating.com*.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of numerous websites dedicated to African-American dating, including but not limited to *SoulSingles.com* or *BlackPeopleMeet.com*.

**U.  Spams Advertising Spire Vision and Other Unknown Advertisers (11)**

78.     Riley received a spam advertising Spire Vision and Doe 1 on March 9, 2011 with the From Name "Home Employment."  This From Name does not identify Spire Vision or anyone

else.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of numerous (often bogus) "work from home" websites.

79.     Riley received spams advertising Spire Vision and Doe 2 on March 20, March 24, two on April 1, April 2, and April 4, 2011 with the From Name "Internet Job Locator Online."  This From Name does not identify Spire Vision or anyone else.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of numerous websites dedicated to Internet jobsearch, such as *Monster.com* or *CareerBuilder.com*.

80.     Riley received spams advertising Spire Vision and Doe 3 on March 21, March 23, April 3, and April 5, 2011 with the From Name "Unemployment Poll."  This From Name does not identify Spire Vision or anyone else.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of numerous (usually bogus) "survey" websites.


## FIRST CAUSE OF ACTION

### [Violations of California Restrictions on Unsolicited Commercial Email, California Business and Professions Code § 17529.5] (Against All Counter-Defendants)

81.     Riley and Kirby hereby incorporate each and every foregoing paragraph as though set forth in full herein.

82.     Counter-defendants advertised in and sent 71 unlawful spams to Riley's California email address.

83.     Counter-defendants advertised in and sent 17 unlawful spams to Kirby's California email address.

84.     Riley and Kirby received the spams at issue within one year prior to filing this Counter-claim.

**A.** **Counter-Defendants Violated Cal. Bus. & Prof. Code § 17529.5(a)(2) – False and Misrepresented Header Information**

85.     Cal. Bus. & Prof. Code § 17529.5(a)(2) prohibits misrepresented information in email headers.  The From Name in an email is supposed to identify who the email is *from*; it is not supposed to be an advertising message.

86.     The From Names of the spams at issue misrepresented *who* was advertising in the spams. In some cases, the From Names were merely ambiguous.  In other cases, the spams actually included Riley's name in the From Name, even though the spams are *not* from her.

87.     The blank From Names of the Davison spams also misrepresent who the spams are from.

88.     The Subject Lines (part of the headers) of the Davison spams described above contain misrepresented information relating to Davison's capabilities to develop products.  By Davison's own admissions, 99.999% of its income comes from up-front fees paid by inventors, as opposed to royalties from licensing arrangements, and 99.97% of would-be inventors lost money working with Davison.

**B.** **Counter-Defendants Violated Cal. Bus. & Prof. Code § 17529.5(a)(3) – Misleading Subject Lines**

89.     Cal. Bus. & Prof. Code § 17529.5(a)(3) prohibits Subject Lines likely to mislead a reasonable recipient.

90.     The Subject Lines of the *OnDemandResearch.com* spams described above referring to a "Free $500 Card" and a "Free $20 Gas Card" are likely to mislead a reasonable recipient into believing that the cards are actually free when in fact a consumer has to "complete promotional offers" or "complete sponsor offers" and expend significant amounts of money to obtain the purportedly "free" cards.

91.     The Subject Lines of the Davison spams described above are likely to mislead a reasonable recipient into believing that Davison has the capabilities to develop products and

**COUNTER-CLAIMS**

bring them to market, when it cannot do so.  By Davison's own admissions, 99.999% of its

income comes from up-front fees paid by inventors, as opposed to royalties from licensing

arrangements, and 99.97% of would-be inventors lost money working with Davison.

92.     The blank Subject Lines of the Davison spams are also likely to mislead a reasonable

recipient about the contents of the spams.

**C.  Riley and Kirby Suffered Damages; Recipients of Unlawful Spam Have Standing to Sue Under Bus. & Prof. Code § 17529.5 and Recover $1,000 Per Spam Liquidated Damages**

93.     Riley and Kirby suffered damages as a result of Counter-defendants' wrongful conduct.

*See* Cal. Bus. & Prof. Code § 17529(d), (e), (g), (h).

94.     Recipients of unlawful spam have standing to sue.  *See* Cal. Bus. & Prof. Code

§ 17529.5(b)(1)(A)(iii).

95.     The California Legislature set liquidated damages at One Thousand Dollars ($1,000) per

email in violation of the statute.  *See* Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).

96.     For each spam, the Spire Vision Counter-defendant and the other advertiser counter-

defendant are jointly and severally liable for damages.

97.     Cal. Bus. & Prof. Code § 17529.5 prohibits false and deceptive spam, and thus falls

within the express exception-to-preemption set forth in the federal CAN-SPAM Act at 15 U.S.C.

§ 7707(b)(1).  The exception to preemption is based on *falsity*, not fraud, and Riley and Kirby are

not required to allege or prove the traditional elements of fraud.  *See Hypertouch Inc. v.

ValueClick Inc.*, 192 Cal. App. 4th 805, 825 (2d Dist. 2011).

**D.  Counter-Defendants are Not Entitled to a Reduction in Statutory Damages**

98.     Riley and Kirby are informed and believe and thereon allege that Counter-defendants

have not established and implemented, with due care, practices and procedures reasonably

designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Bus. & Prof. Code § 17529.5.

99.     Indeed, the Spire Vision Counter-defendants admit that they acquire email address from other sources.

100.     Moreover, From Names and Subject Lines do not write themselves; the From Names and Subject Lines in the spams at issue were not "clerical errors."

**E.   Riley and Kirby are Entitled to Attorneys' Fees**

101.     Riley and Kirby seek reimbursement of attorneys' fees and costs as authorized by Cal. Bus. & Prof. Code § 17529.5(b)(1)(C).

102.     The attorneys' fees provision for a prevailing plaintiff is typical of consumer protection statutes and supported by Cal. Code Civ. Proc. § 1021.5.  By prosecuting this action, Riley and Kirby expect to enforce an important right affecting the public interest and thereby confer a significant benefit on the general public or a large class of persons.  The necessity and financial burden of private enforcement is such as to make the award appropriate, and the attorneys' fees should not, in the interest of justice, be paid out of the recovery of damages.

WHEREFORE, Riley and Kirby pray for judgment against Counter-defendants, and each of them, as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**[Violations of Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq.*]**
**(By Cathy Riley, Against Davison Design & Development Inc.)**

103.     Riley hereby incorporates each and every foregoing paragraph as though set forth in full herein.

104. Cal. Civil Code § 1770(a)(5) prohibits representing that services have characteristics and benefits that they do not have.

105. Cal. Civil Code § 1770(a)(9) prohibits advertising services with intent not to sell them as advertised.

106. Davison purports to offer "invention development" services.

107. The spams advertising Davison are likely to mislead recipients into believing that Davison actually develops products when it has no ability to do so. E.g., Subject Lines include "Invent and We will develop it." By any reasonable definition, "developing" a product means conducting research to aid in successfully bringing it to market, and a reasonable definition of "successfully" would include turning a profit. In particular, the word "will" in the Subject Line is a definitive statement of Davison's capabilities. However, by its own admissions, Davison has no capability to develop products. 99.999% of Davison's income comes from up-front flat fees paid by would-be inventors as opposed to royalties from licensing deals, and 99.97% of would-be inventors lost money working with Davison.

108. Moreover, the tiny disclaimer in the email that "Davison does not perform analysis of the potential feasibility, marketability, patentability or profitability of ideas submitted to it" undermines the claim in the Subject Line that Davison "develops" products. Nor does that disclaimer absolve Davison from liability for the much larger text stating that "The Davison Method™ has put product ideas in over 500 stores. We help people develop their ideas into working product samples and present them to companies that pay people for their ideas." Disclaimers do not necessarily defeat reliance, at least where the wealth of information is intended to create a false impression and the disclaimer is not as prominently referenced as the material giving the false impression. *See, e.g., United States v. Yarnell*, 129 F.3d 1127, 1134

1   (10th Cir. 1997); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008) ("We

2   disagree with the district court that reasonable consumers should be expected to look beyond

3   misleading representations on the front of the box to discover the truth from the ingredient list in

4   small print on the side of the box.").

5   109.    Riley, through counsel, sent a certified, return-receipt letter to Davison on March 17,

6   2011, alleging violations of the CLRA and demanding that Davison remedy the violations within

7   30 days in accordance with Cal. Civil Code § 1782, by: 1) identifying all consumers similarly

8   situated to her who received Davison's unlawful spams, 2) notifying those consumers that upon

9   their request Davison will make the appropriate corrections, and 3) immediately ceasing

10   engaging in the false advertising practices used in the spams she received.

11   110.    Riley is informed and believes and thereon alleges that Davison has not timely (or at all)

12   remedies its violations of the CLRA.  Indeed, Davison sent a comparable, unlawful spam to

13   Kirby (Subject Line: "Invent and We will develop it") five months later, on August 23, 2011.

15   WHEREFORE, Riley prays for judgment against Davison as hereinafter set forth.

17   <u>**PRAYER FOR RELIEF**</u>

18   A.    An Order from this Court declaring that Counter-defendants violated Cal. Business &

19   Professions Code § 17529.5 by advertising in and sending unlawful spams.

20   B.    An Order from this Court declaring that Davison Design & Development Inc. violated the

21   Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq*. through its false advertising.

1   C.      Liquidated damages against Counter-defendants in the amount of $88,000 – $1,000 for

2   each of 88 unlawful spams – as authorized by Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii), as

3   detailed below:

4           1.      Jointly and severally against Spire Vision Counter-defendants: $10,000 – $1,000

5                   for each of 10 unlawful spams – advertising Spire Vision "destination" websites

6                   *FindMBAPrograms.com*, *FindAccountingPrograms.com*, *ElementaryTeaching.*

7                   *org*, and *OnDemandResearch.com*.

8           2.      Jointly and severally against Spire Vision, *60MinutePayday.com*, and Zach

9                   Robbins: $1,000 for 1 unlawful spam.

10          3.      Jointly and severally against Spire Vision and AARP: $1,000 for 1 unlawful

11                  spam.

12          4.      Jointly and severally against Spire Vision and Accelerated Performance –

13                  Channel Management LLC: $3,000 for 3 unlawful spams.

14          5.      Jointly and severally against Spire Vision and Accelerated Tax Solutions Inc.:

15                  $1,000 for 1 unlawful spam.

16          6.      Jointly and severally against Spire Vision and AffiliateNetwork.com Marketing

17                  LLC: $1,000 for 1 unlawful spam.

18          7.      Jointly and severally against Spire Vision and Autotegrity Inc.: $6,000 for 6

19                  unlawful spams.

20          8.      Jointly and severally against Spire Vision and Stacey Bruck: $2,000 for 2

21                  unlawful spams.

**COUNTER-CLAIMS**

9.      Jointly and severally against Spire Vision and CashFast123 LLC: $1,000 for 1 unlawful spam.

10.     Jointly and severally against Spire Vision and Channel Clarity Inc.: $4,000 for 4 unlawful spams.

11.     Jointly and severally against Spire Vision and *ConsumerInjuryAlert.com*: $1,000 for 1 unlawful spam.

12.     Jointly and severally against Spire Vision and Davison Design & Development Inc.: $17,000 for 17 unlawful spams.

13.     Jointly and severally against Spire Vision and GMB Direct Inc.: $3,000 for 3 unlawful spams.

14.     Jointly and severally against Spire Vision, The Great American Photo Contest LLC, and What If Holdings LLC: $1,000 for 1 unlawful spam.

15.     Jointly and severally against Spire Vision and *KeyWebJobs.com*: $3,000 for 3 unlawful spams.

16.     Jointly and severally against Spire Vision and Lifescript Inc.: $3,000 for 3 unlawful spams.

17.     Jointly and severally against Spire Vision and *MyPhotographyCareer.com*: $3,000 for 3 unlawful spams.

18.     Jointly and severally against Spire Vision and *PolicyGo.com*: $7,000 for 7 unlawful spams.

**COUNTER-CLAIMS**

19. Jointly and severally against Spire Vision and QuoteWizard.com LLC: $12,000 for 12 unlawful spams.

20. Jointly and severally against Spire Vision and Spark Networks USA LLC: $5,000 for 5 unlawful spams.

21. Jointly and severally against Spire Vision and Doe 1: $1,000 for 1 unlawful spam.

22. Jointly and severally against Spire Vision and Doe 2: $6,000 for 6 unlawful spams.

23. Jointly and severally against Spire Vision and Doe 3: $4,000 for 4 unlawful spams.

D. An order from this Court prohibiting Davison from advertising to California residents that Davison has the ability to develop new products.

E. Punitive damages against the Spire Vision Counter-defendants as authorized by Cal. Civ. Code § 3294 in an amount to be determined by the Court.

F. Punitive damages against Davison as authorized by Cal. Civil Code § 1780(a)(4) in an amount to be determined by the Court.

G. Attorneys' fees as authorized by Cal. Bus. & Prof. Code § 17529.5(b)(1)(C), Cal. Civil Code § 1780(e), and Cal. Code Civ. Proc. § 1021.5.

H. Disgorgement of all profits derived from unlawful spams directed to California residents.

I. Costs of suit.

J. Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Cross-complainants demand a trial by jury.


THE LAW OFFICES OF DANIEL BALSAM

Dated:_____Dec. 8, 2011_____        /s/ Daniel L. Balsam
                                        Daniel L. Balsam
                                        Attorneys for Counter-Complainants

**COUNTER-CLAIMS**