1  Timothy J. Walton (State Bar No. 184292)
   LAW OFFICES OF TIMOTHY WALTON
2  9515 Soquel Drive Suite #207
   Aptos, CA 95003
3  Phone: (831) 685-9800
   Fax: (650) 618-8687
4

5  Daniel L. Balsam (State Bar No. 260423)
   THE LAW OFFICES OF DANIEL BALSAM
6  2912 Diamond Street #218
   San Francisco, CA 94131
   Tel. & Fax: (415) 869-2873
7

8  Attorneys for Defendant
   CATHY RILEY

9

10                 **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12  Davison Design & Development Inc., *et al*.,      ) Case No.        CV-11-2970 (EDL)
                                                      )
13              Plaintiffs,                           ) **DEFENDANT'S REPLY TO**
                                                      ) **PLAINTIFFS' OPPOSITION TO**
14         vs.                                        ) **DEFENDANT'S MOTION FOR MORE**
                                                      ) **DEFINITE STATEMENT**
15  Cathy Riley [erroneously sued as Catherine        )
    Riley],                                           ) Date:        January 10, 2012
16                                                    ) Time:        9:00 AM
                Defendant.                            ) Courtroom:   E, 15th Floor
17  _____        ) Judge:       Hon. Elizabeth Laporte

18                          **I.  INTRODUCTION**

19        Defendant Cathy Riley ("Riley"; erroneously sued as "Catherine Riley") previously filed

20  a Motion to Dismiss based on lack of jurisdiction and insufficient process/service of process

21  (Docket #7).  In its Order (Docket #20), this Court denied Riley's Motion to Dismiss due to

22  insufficient process, and ordered Plaintiffs to, among other things, specify that the amount in

23  question exceeded $75,000 and to evaluate whether they had a good-faith basis for seeking

24                                    **1**

         **DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO**
         **DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

1  declaratory relief under the federal CAN-SPAM Act following Riley's covenant not to sue under

2  the CAN-SPAM Act.  Plaintiffs then filed a First Amended Complaint ("FAC") (Docket #19),

3  specifying $75,000 but citing no additional facts to support their claims for declaratory relief

4  under the CAN-SPAM Act.  Therefore, Riley timely filed a Motion for a More Definite

5  Statement under FRCP 12(e) (Docket #21).

6

## II.  DISCUSSION

7       Plaintiffs argue that Riley was required to file a Motion for a More Definite Statement in

8  conjunction with her Motion to Dismiss.  Riley is aware of the language of FRCP 12(g), but due

9  to the specific facts of the instant dispute, Riley could not address the problems in the First

10 *Amended* Complaint when she filed her FRCP 12(b) Motion to Dismiss the *original* Complaint.

11 **A.  Riley's FRCP 12(b) Motion Could Not Have Addressed Problems with the Language of**
    **the Complaint Because it was Based on the Belief that Service was Improper**

12      Riley never received the follow-up mailing required for substitute service, Cal. Code Civ.

13 Proc. § 415.20, and therefore believed this Court had no specific jurisdiction over her and this

14 subject matter, due to insufficient service of process.  Riley filed the original Motion to Dismiss

15 for those reasons.  Riley believed she was under no obligation to – and in fact could not – argue

16 the deficiencies of the language of the Complaint until this Court decided the service and

17 jurisdictional issues.

18

19 **B.  Riley Raised Issues in her FRCP 12(e) Motion that Plaintiffs Should Have Addressed in**
    **their First Amended Complaint**

20      Riley remains unclear how Plaintiffs can have standing to seek declaratory relief as to an

21 issue that she never raised – suing under the federal CAN-SPAM Act.  More specifically, Riley

22 argues that there is no ripe controversy under the federal CAN-SPAM Act because she never

23

24

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO**
**DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

1    threatened to sue under the CAN-SPAM Act, for which standing is limited to the Federal Trade

2    Commission, Attorneys General, and Internet Service Providers.

3        At the hearing on the Motion to Dismiss,

4        counsel for Defendant stated his intention to file a covenant not to sue under the
         CAN-SPAM Act, citing persuasive but non-binding authority that the declaratory

5        relief claim under the CAN-SPAM Act would thereby be rendered moot. *See
         Paramount Pictures Corp. v. RePlay TV*, 298 F. Supp. 2d 921 (C.D. Cal. 2004)

6        (unilateral covenant not to sue moots claim for declaratory relief).  The Court
         noted this authority but Plaintiffs' counsel did not concede this point.  The Court

7        declined to rule on the issue at the present juncture and advised Plaintiffs to
         review the authority cited by Defendant and evaluate whether Plaintiffs would

8        have a good faith basis to proceed on a declaratory judgment claim under the
         CAN-SPAM Act following Defendant's execution of a covenant not to sue.

9
     Order Denying Motion to Dismiss (Docket #20) at 3:17-25.

10
         Shortly after the hearing on the Motion to Dismiss, Riley filed a Declaration that she

11
     would not bring claims against Plaintiffs (or anyone else) under the CAN-SPAM Act (Docket

12
     #17).

13
         Riley believes that if Plaintiffs truly have a good faith belief to proceed on a declaratory

14
     relief claim under the CAN-SPAM Act, they could have and should have set forth facts in the

15
     FAC to support their claim.  Nevertheless, despite the Court's Order, Defendants failed to set

16
     forth any additional facts.  Therefore, Riley had to make a FRCP 12(e) Motion for a More

17
     Definite Statement as to the FAC relating to CAN-SPAM issues, because she *could not* have

18
     made the Motion as to the original Complaint because at that time, this Court had not yet ordered

19
     Plaintiffs to evaluate their declaratory relief claim.

20
     **C. *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* Address Pleading Standards and Thus are**

21       **Relevant to a FRCP 12(e) Motion for a More Definite Statement**

22       Plaintiffs nit-pick that *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v.*

23   *Iqbal*, 556 U.S. 662 (2009) are based on FRCP 12(b)(6) motions to dismiss based on failure to

24
     **3**

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

1    state a claim and thus are inapplicable to FRCP 12(e) motions for a more definite statement.

2    Opposition to Motion to Dismiss (Docket #23) at 5:16-21.  Plaintiffs are incorrect.  And Riley

3    never specifically claimed that *Twombly and Iqbal* provide legal standards for FRCP 12(e)

4    motions, as Plaintiffs incorrectly claim.  *Id.*  Rather, Riley argues that *Twombly and Iqbal*

5    address pleading standards *in general*, not just as to FRCP 12(b)(6) motions, and even though

6    federal courts' notice pleading is less stringent than California fact pleading,

7    
8    > A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions, and a formulaic recitation of the
> elements of a cause of action will not do. . . .  Factual allegations must be enough
> to raise a right to relief above the speculative level.

9    *Twombly*, 550 U.S. at 555 (citations omitted).  And,

10   
11   > Threadbare recitals of the elements of a cause of action, supported by mere
> conclusory statements, do not suffice . . . . While legal conclusions can provide
> the framework of a complaint, they must be supported by factual allegations. . . .
> Plaintiffs' assertion of an unlawful agreement was a "legal conclusion" and, as
> such, was not entitled to the assumption of truth.

12   

13   *Iqbal*, 556 U.S. 1949-50.

14        Plaintiffs' Opposition to Riley's Motion for a More Definite Statement is entirely

15   procedural and notably does not address any of her substantive problems with the FAC.  The

16   Opposition does not address Riley's problem with answering the FAC, which has contradictory

17   facts about how Riley could have given Plaintiffs "direct consent," *see* Cal. Bus. & Prof. Code

18   § 17529.1(d), to send her commercial email, even as Plaintiffs admit they acquired her email

19   address from other sources.  Motion at 5:7-6:23.  The Opposition does not address Riley's

20   problem with answering the FAC which only parrots back statutory language and makes legal

21   conclusions that the emails comply with Cal. Business & Professions Code § 17529.5; Plaintiffs

22   set forth no factual allegations whatsoever to support their conclusions.  Motion at 6:1-7:6.  And,

23   

24   
**4**

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO**
**DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

the Opposition does not address Riley's problem with answering the FAC which denies she has been harmed, notwithstanding contrary findings of the California Legislature.  Motion at 8:7-9:3.

Riley is not attempting to engage in discovery through a FRCP 12(e) Motion for a More Definite Statement, but *Twombly* and *Iqbal* require Plaintiffs to set forth at least *some* facts in their pleading to support their causes of action.  Riley finds it curious indeed that Plaintiffs are opposing her Motion for a More Definite Statement.  After all, Riley is not relitigating her FRCP 12(b) motion and asking this Court to dismiss the FAC; she is only asking this Court to order Plaintiffs to set forth facts to support their causes of action and their request for attorneys' fees. In contrast, Riley's counter-claims against Plaintiffs (and others), Docket #24, clearly sets forth the unlawful elements of Plaintiffs' spams and explains why they are unlawful to support her cause of action for violations of Cal. Business & Professions Code § 17529.5 and the Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*).  If Plaintiffs truly believe in their claims, they should be able to set forth facts to support them.

## V.  CONCLUSION

Riley is not relitigating her FRCP 12(b) Motion to Dismiss.  All Riley wants is for this Court to order Plaintiffs to set forth facts, not conclusions, to support their causes of action, so that she can properly file an Answer.

THE LAW OFFICES OF DANIEL BALSAM

Dated:_____Dec. 12, 2011_____        /s/ Daniel L. Balsam_____
                                        Daniel L. Balsam
                                        Attorneys for Defendant

**5**

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**