Timothy J. Walton (State Bar No. 184292)
LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207
Aptos, CA 95003
Phone: (831) 685-9800
Fax: (650) 618-8687

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
Tel. & Fax: (415) 869-2873

Attorneys for Counter-Complainant
CATHY RILEY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVISON DESIGN & DEVELOPMENT INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CATHY RILEY [erroneously sued as Catherine Riley], <br><br> Defendant. <br><br> CATHY RILEY, an individual, <br><br> Counter-claimant, <br><br> vs. <br><br> SPIRE VISION HOLDINGS INC., a Delaware corporation, <br> CAIVIS ACQUISITION CORP. II, a Delaware corporation, | Case No.      3:11-cv-02970 (EDL) <br><br> **FIRST AMENDED COUNTER-CLAIMS** <br><br> **1.   RESTRICTIONS ON UNSOLICITED COMMERCIAL E-MAIL (Cal. Bus. & Prof.  Code § 17529.5)** <br> **2.   CONSUMERS LEGAL REMEDIES ACT (Cal. Civ. Code § 1750 *et seq.*)** <br><br> **DEMAND FOR JURY TRIAL (N.D. Cal. Rule 3-6(a))** |

**1**

| | |
|---|---|
| 1 | CAIVIS ACQUISITION CORP. III, a ) |
| | Delaware corporation, ) |
| 2 | XL MARKETING CORP., a Delaware ) |
| | corporation, ) |
| 3 | SPIRE VISION LLC, a Delaware limited ) |
| | liability company, ) |
| 4 | PROADVERTISERS LLC, a Delaware ) |
| | limited liability company, ) |
| 5 | PRIME ADVERTISERS LLC, a Nevada ) |
| | limited liability company, ) |
| 6 | MEDIACTIVATE LLC, a Nevada limited ) |
| | liability company, ) |
| 7 | CONNECTIONCENTRALS, a business entity ) |
| | of unknown organization, ) |
| 8 | SILVERINTERACTIVE, a business entity of ) |
| | unknown organization, ) |
| 9 | 60MINUTEPAYDAY.COM, a business entity ) |
| | of unknown organization, ) |
| 10 | ZACH ROBBINS, an individual, ) |
| | AARP, a Washington DC non-profit ) |
| 11 | corporation, ) |
| | ACCELERATED PERFORMANCE – ) |
| 12 | CHANNEL MANAGEMENT LLC, a ) |
| | business entity of unknown organization, ) |
| 13 | ACCELERATED TAX SOLUTIONS INC., a ) |
| | Florida corporation, ) |
| 14 | AFFILIATENETWORK.COM MARKETING ) |
| | LLC, a New York limited liability company, ) |
| 15 | AUTOTEGRITY INC., a Delaware ) |
| | corporation, ) |
| 16 | STACEY BRUCK, an individual, ) |
| | CASHFAST123 LLC, a Delaware limited ) |
| 17 | liability company, ) |
| | CHANNEL CLARITY INC., an Illinois ) |
| 18 | corporation, ) |
| | DAVISON DESIGN & DEVELOPMENT ) |
| 19 | INC., a Pennsylvania corporation, ) |
| | GMB DIRECT INC., a business entity of ) |
| 20 | unknown organization, ) |
| | LIFESCRIPT INC., a Delaware corporation, ) |
| 21 | MYPHOTOGRAPHYCAREER.COM, a ) |
| | business entity of unknown organization, ) |
| 22 | POLICYGO.COM, a business entity of ) |
| | unknown organization ) |
| 23 | QUOTEWIZARD.COM LLC, a Delaware ) |
| | limited liability company, ) |
| 24 | |

**2**

**FIRST AMENDED COUNTER-CLAIMS**

1  | SPARK NETWORKS USA LLC, a Delaware )
   | limited liability company, and )
2  | DOES 1-100, )
   |                     )
3  |        Counter-defendants. )

## I.  INTRODUCTION

1.      Counter-claimant Cathy Riley ("Riley") brings these First Amended Counter-claims against Counter-defendants for sending and advertising in at least 78 misleading Unsolicited Commercial Emails ("UCEs" or "spams") in 2011 that violated Cal. Business & Professions Code § 17529.5.  Riley seeks statutory damages of $1,000 per email and attorneys' fees.

2.      Riley also brings counter-claims against Davison Design & Development Inc. for violations of the Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq*., and seeks punitive damages, injunctive relief, and attorneys' fees.


## II.  PARTIES

### A.  Counter-Complainant Cathy Riley

3.      Cathy Riley ("Riley") is an individual and was, at all relevant times, a resident of the State of California, within the Northern District.  Riley is not an Internet Service Provider ("ISP").  Riley's email address at which she received the spams at issue in this Counter-claim is a "California email address."  *See* Cal. Bus. & Prof. Code § 17529.1(b)(2) and (3).

### B.  Spire Vision Counter-Defendants

4.      Riley is informed and believes and thereon alleges that Spire Vision Holdings Inc. is currently, and was at all relevant times, a Delaware corporation headquartered in New York, New York.  Riley is informed and believes and thereon alleges that Spire Vision Holdings Inc. is a wholly-owned subsidiary of XL Marketing Corp., focused on internet marketing, and its activities include sending and advertising in unlawful spams.

5.      Riley is informed and believes and thereon alleges that Caivis Acquisition Corp. II is currently, and was at all times relevant herein, a Delaware corporation headquartered in Washington, District of Columbia.  Riley is informed and believes and thereon alleges that Caivis Acquisition Corp. II wholly owns a range of subsidiaries, each focused on a particular area of internet marketing, and its activities include sending and advertising in unlawful spams.

6.      Riley is informed and believes and thereon alleges that Caivis Acquisition Corp. III is currently, and was at all times relevant herein, a Delaware corporation headquartered in Washington, District of Columbia.  Riley is informed and believe and thereon allege that Caivis Acquisition Corp. III wholly owns a range of subsidiaries, each focused on a particular area of internet marketing, and its activities include sending and advertising in unlawful spams.

7.      Riley is informed and believe and thereon allege that XL Marketing Corp. is currently, and was at all times relevant herein, a Delaware corporation headquartered in New York, New York.  Riley is informed and believes and thereon alleges that XL Marketing Corp. wholly owns a range of subsidiaries, each focused on a particular area of internet marketing, and its activities include sending and advertising in unlawful spams.

8.      Riley is informed and believes and thereon alleges that Spire Vision LLC is currently, and was at all relevant times, a Delaware limited liability company headquartered in New York, New York.  Riley is informed and believes and thereon alleges that Spire Vision LLC is focused on internet marketing, and its activities include sending and advertising in unlawful spams.

9.      Riley is informed and believes and thereon alleges that ProAdvertisers LLC is currently, and was at all relevant times, a Delaware limited liability company headquartered in Bear, Delaware.  Riley is informed and believes and thereon allege that ProAdvertisers LLC is a

**FIRST AMENDED COUNTER-CLAIMS**

wholly-owned subsidiary of Spire Vision Holdings Inc., focused on internet marketing, and its activities include sending and advertising in unlawful spams.

10.     Riley is informed and believes and thereon alleges that Prime Advertisers LLC is currently, and was at all relevant times, a Nevada limited liability company headquartered in Reno, Nevada.  Riley is informed and believes and thereon alleges that Prime Advertisers LLC is a wholly-owned subsidiary of Spire Vision Holdings Inc., focused on internet marketing, and its activities include sending and advertising in unlawful spams.

11.     Riley is informed and believes and thereon alleges that MediActivate LLC is currently, and was at all relevant times, a Nevada limited liability company headquartered in Las Vegas, Nevada.  Riley is informed and believes and thereon alleges that MediActivate LLC is a wholly-owned subsidiary of Spire Vision Holdings Inc., focused on internet marketing, and its activities include sending and advertising in unlawful spams.

12.     Riley is informed and believes and thereon alleges that ConnectionCentrals is, and was at all relevant times, a business entity of unknown organization, claiming its address to be a box at a commercial mail receiving agency in Flint, Michigan.  Riley is informed and believes and thereon alleges that notwithstanding Counter-defendants' claims that ConnectionCentrals is a Delaware series limited liability company, neither the Delaware nor Michigan Secretary of State websites have any such entity on file.  Riley is informed and believes and thereon alleges that the Spire Vision Counter-defendants have no physical presence in Michigan.  Riley is informed and believes and thereon alleges that ConnectionCentrals is a subsidiary or division or brand of XL Marketing Corp. and/or its subsidiaries and is focused on internet marketing, and its activities include sending and advertising in unlawful spams.

FIRST AMENDED COUNTER-CLAIMS

13.     Riley is informed and believes and thereon alleges that SilverInteractive is, and was at all relevant times, a business entity of unknown organization, claiming its address to be a box at a commercial mail receiving agency in Milford, Connecticut.  Riley is informed and believe and thereon allege that notwithstanding claims on the *SilverInteractive.com* website that SilverInteractive is a limited liability company, neither the Delaware nor Connecticut Secretary of State websites have any such entity on file.  Riley is informed and believes and thereon alleges that the Spire Vision Counter-defendants have no physical presence in Connecticut.  Riley is informed and believes and thereon allege that SilverInteractive is a subsidiary or division or brand of XL Marketing Corp. and/or its subsidiaries and is focused on internet marketing, and its activities include sending and advertising in unlawful spams.

14.     Riley hereafter refers to Spire Vision Holdings Inc., Caivis Acquisition Corp. II, Caivis Acquisition Corp. III, XL Marketing Corp., Spire Vision LLC, ProAdvertisers LLC, Prime Advertisers LLC, MediActivate LLC, ConnectionCentrals, and SilverInteractive collectively as "Spire Vision."

**C.  Other Counter-Defendants**

15.     Riley is informed and believes and thereon alleges that *60MinutePayday.com* is, and was at all relevant times, a business entity of unknown organization, claiming a principal place of business in Walnut, California.

16.     Riley is informed and believes and thereon alleges that Zach Robbins is, and was at all relevant times, an individual residing in Glassboro, New Jersey, and operates the *60MinutePayday.com* website.

17.     Riley is informed and believes and thereon alleges that AARP is, and was at all relevant times, a District of Columbia non-profit corporation with a primary place of business in Washington, District of Columbia, and operates the *AARP.com* website.

**6**

18.     Riley is informed and believes and thereon alleges that Accelerated Performance –
Channel Management LLC ("APCM") is a business entity of unknown organization with a
primary place of business in Los Angeles, California, and operates the *AlmightyBible-Promotions.com* website.

19.     Riley is informed and believes and thereon alleges that Accelerated Tax Solutions Inc. is,
and was at all relevant times, a Florida corporation with a primary place of business in North
Miami Beach, Florida, and operates the *AcceleratedTaxSolutions.com* website.

20.     Riley is informed and believes and thereon alleges that AffiliateNetwork.com Marketing
LLC is, and was at all relevant times, a New York limited liability company with a primary place
of business in New York, New York, and operates the *WinHundred.com* and
*MediaSSLServer.com* websites.

21.     Riley is informed and believes and thereon alleges that Autotegrity Inc. is, and was at all
relevant times, a Delaware corporation with a primary place of business in Wakefield,
Massachusetts or Cambridge, Massachusetts, and operates the *Auto-Price-Finder.com* website.

22.     Riley is informed and believes and thereon alleges that Stacey Bruck is, and was at all
relevant times, an individual residing in Austin, Texas, and operates the
*FiveStarAutoProtection.com* website.

23.     Riley is informed and believes and thereon alleges that CashFast123 LLC is, and was at
all relevant times, a Delaware limited liability company with a primary place of business in
Phoenix, Arizona, and operates the *CashHandshake.com* website.

24.     Riley is informed and believes and thereon alleges that Channel Clarity Inc. is, and was at
all relevant times, an Illinois corporation with a primary place of business in Chicago, Illinois,
and operates the *GetUnemploymentBenefits.com* and *ResourcesForAmericans.info* websites.

**FIRST AMENDED COUNTER-CLAIMS**

25.     Riley is informed and believes and thereon alleges that Davison Design & Development Inc. ("Davison") is, and was at all relevant times, a Pennsylvania corporation with a primary place of business in Pittsburgh, Pennsylvania, and operates the *Davison.com* website.  Davison advertises that it can develop inventions, but Riley is informed and believes and thereon alleges that it has no real ability to do so.  The Federal Trade Commission sued Davison & Associates Inc. (Davison's predecessor company) and its principals for fraudulent business practices related to invention development.  Davison admits on its website, on a page titled "Affirmative Disclosure Statement" that can only be reached via a small, light-blue-on-dark-blue link at the bottom of the homepage, that only 14 of 53,000 clients in the last five years realized a net profit from Davison's work.  Thus, Riley is informed and believes and thereon alleges that 99.97% of would-be inventors lost money working with Davison.  Davison also discloses that only 0.001% of its income came from royalties on licenses of consumers' products, which means that 99.999% of Davison's income comes from up-front flat fees paid by would-be inventors.  Riley is informed and believes and thereon alleges that every "Davison licensing deal" has a royalty component, and since 0.001% of its income comes from royalties, Davison's disclosures indicate that it has no real ability to actually successfully develop products and bring them to market.

26.     Riley is informed and believes and thereon alleges that GMB Direct Inc. is a business entity of unknown organization with a primary place of business in New York, New York, and operates the *ChristianJobsFinder.com* and *JobAlertsUSA.com* websites.

27.     Riley is informed and believes and thereon alleges that Lifescript Inc. is, and was at all relevant times, a Delaware corporation with a primary place of business in Mission Viejo, California, and operates the *Lifescript.com* website.

28.     Riley is informed and believes and thereon alleges that *MyPhotography Career.com* is, and was at all relevant times, a business entity of unknown organization with a primary place of business in Seattle, Washington, and operates the *MyPhotographyCareer.com* website.

29.     Riley is informed and believes and thereon alleges that *PolicyGo.com* is, and was at all relevant times, a business entity of unknown organization with a primary place of business in Miami, Florida and operates the *PolicyGo.com* website.

30.     Riley is informed and believes and thereon alleges that QuoteWizard LLC is, and was at all relevant times, a Delaware limited liability company with a primary place of business in Seattle, Washington, and operates the *SaveUpTo800.com* website.

31.     Riley is informed and believes and thereon alleges that Spark Networks USA LLC is, and was at all relevant times, a Delaware limited liability company with a primary place of business in Beverly Hills, California, and operates the *BlackSingles.com* website.

32.     Riley does not know the true names or legal capacities of the counter-defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants under such fictitious names.  Riley will amend this Counter-claim to allege their true names and capacities when ascertained.  Riley is informed and believes and thereon alleges that each fictitiously named counter-defendant is responsible in some manner for the matters alleged herein, and that Riley's injuries and damages alleged herein were proximately caused by their conduct.


## IV.  <u>FACTS</u>

33.     Riley is informed and believes and thereon alleges that at least some of the Spire Vision Counter-defendants hold themselves out as an advertising network, connecting advertisers (such as Davison) with *third party* publishers or affiliates.  *See, e.g.,CommissionWizard.com* – a website owned by Spire Vision.  However, Spire Vision actually sent the spams at issue

*themselves*, but took extraordinary steps to hide their identities as they did so. Spire Vision only identified themselves in the spams as "ConnectionCentrals" and "SilverInteractive," non-existent companies, claiming addresses at commercial mail receiving agencies in Flint, Michigan and Milford, Connecticut, respectively… states in which they have no physical presence. Moreover, the domain names advertised in and used to send the spams were registered to "ConnectionCentrals" and "SilverInteractive." Riley is informed and believes and thereon alleges that Spire Vision engaged in this scheme to prevent anyone from identifying Spire Vision as the true source of the spams by querying the Whois database.

34.     The emails at issue in this Counter-claim were all "commercial email advertisements" because they advertised and promoted the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit. *See* Cal. Bus. & Prof. Code § 17529.1(c).

35.     The emails at issue in this Counter-claim were all "unsolicited commercial email advertisements" because Riley never gave "direct consent" to any Counter-defendant to send her commercial email, and Riley never had a "preexisting or current business relationship" with any Counter-defendant. *See* Cal. Bus. & Prof. Code § 17529.1(o), (d), (*l*).

36.     Spire Vision and other Counter-defendants advertised in and sent at least 78 spams to Riley.

37.     The dozens of domain names hyperlinked and advertised in the spams are owned and operated by Spire Vision. A person who clicks on a link in the spam causes his or her computer to launch an Internet browser, which redirects through *PromotionsTargeted.com*, also owned and operated by Spire Vision, and eventually ends up at the final "destination" websites, such as *Davison.com*, which are owned and operated by other advertisers, such as Davison.

**A.  Spams Advertising Spire Vision and *60MinutePayday.com*/Zach Robbins (1)**

38.     Riley received a spam advertising Spire Vision and *60MinutePayDay.com* and/or Zach Robbins' website *60MinutePayday.com* on March 27, 2011 with the From Name "Customer Relations."  The From Name does not identify Spire Vision or *60MinutePayday.com* and/or Zach Robbins.  The From Name is misleading as to who the spam is actually *from*.  Riley is informed and believes and thereon alleges that "Customer Relations" is not a dba or a registered fictitious business name, and is so broad as to be utterly meaningless.

**B.  Spams Advertising Spire Vision and AARP (1)**

39.     Riley received a spam advertising Spire Vision and AARP's website *AARP.com* on April 2, 2011 with the From Name "Benefitsfor50plus."  The From Name does not identify Spire Vision or AARP.  The From Name is misleading as to who the spam is actually *from*.  Such a From Name could just as easily refer to websites such as *50Plus.com* or even a "senior dating website" such as *SeniorPeopleMeet.com*.

**C.  Spams Advertising Spire Vision and Accelerated Performance – Channel Management LLC (3)**

40.     Riley received two spams advertising Spire Vision and APCM's website *AlmightyBible-Promotions.com* on March 27, 2011 with the From Name "Books for Children," and one spam on March 28, 2011 with the From Name "Kids Bible."  The From Names do not identify Spire Vision or APCM.  The From Names are misleading as to who the spams are actually *from*.  The From Name "Books for Children" could just as easily refer to the National Education Association's list of "Teachers' Top 100 Books for Children," *available at http://www.nea.org/ grants/13154.htm*.  The From Name "Kids Bible" could just as easily refer to many websites, including but not limited to *ChildrensBible.com* or *BibleforChildren.org*.

**D.  Spams Advertising Spire Vision and Accelerated Tax Solutions Inc. (1)**

41.     Riley received a spam advertising Spire Vision and Accelerated Tax Solutions Inc.'s website *AcceleratedTaxSolutions.com* on April 1, 2011 with the From Name "Professional Tax Consultants."  (The body of the spam incorrectly referred to "Accredited Tax Solutions.")  The From Name does not identify Spire Vision or Accelerated Tax Solutions Inc.  The From Name is misleading as to who the spam is actually *from*.  Such a From Name could just as easily refer to any of thousands of professional tax consultants, including but not limited to *LibertyTax.com* or *HRBlock.com*.

**E.  Spams Advertising Spire Vision and AffiliateNetwork.com Marketing LLC (1)**

42.     Riley received a spam advertising Spire Vision and AffiliateNetwork.com Marketing Inc.'s websites *WinHundred.com* and *MediaSSLServer.com* on April 4, 2011 with the From Name "Credit Card Services."  The From Name does not identify Spire Vision or AffiliateNetwork.com Marketing LLC.  The From Name is misleading as to who the spam is actually *from*.  Such a From Name could just as easily refer to any of thousands of credit card issuing banks, credit unions, or merchants… and could easily mislead the recipient into thinking that the email was from him his or her *own* credit card issuer, as opposed to a solicitation for a new credit card.

**F.  Spams Advertising Spire Vision and Autotegrity Inc. (5)**

43.     Riley received spams advertising Spire Vision and Autotegrity Inc.'s website *Auto-Price-Finder.com* on March 10, 2011 with the From Name "Best New Car Deals," on March 25, 2011 with the From Name "Low Prices on New Cars," on March 28, 2011 with the From Name "Best New Car Deals," on March 29, 2011 with the From Name "Car Quotes Compared," and on March 31, 2011 with the From Name "Car Quotes Compared."  The From Names do not identify Spire Vision or Autotegrity Inc.  The From Names are misleading as to who the spams are

actually *from*.  The From Names could just as easily refer to any of hundreds if not thousands of websites that sell cars or direct consumers to retailers who sell cars, including but not limited to *AutoTrader.com* or *AutoWeb.com*.

**G.  Spams Advertising Spire Vision and Stacey Bruck (2)**

44.     Riley received spams advertising Spire Vision and Stacey Bruck's website *FiveStarAutoProtection.com* on March 29 and April 3, 2011 with the From Name "Vehicle Protection."  The From Names do not identify Spire Vision or Stacey Bruck/*FiveStarAuto Protection.com*.  The From Names are misleading as to who the spams are actually *from*.  The From Names could just as easily refer to any of hundreds if not thousands of websites related to "vehicle protection," which could include anything from insurance to rustproofing to alarms to Lojack recovery systems.

**H.  Spams Advertising Spire Vision and CashFast123 LLC (1)**

45.     Riley received a spam advertising Spire Vision and CashFast 123 LLC's website *CashHandshake.com* on March 6, 2011 with the From Name "FastLoans."  The From Name does not identify Spire Vision or CashFast123 LLC.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites offering fast loans, including but not limited to *FastLoan.org* or *Real-Fast-Loans.com*.

**I.  Spams Advertising Spire Vision and Channel Clarity Inc. (4)**

46.     Riley received spams advertising Spire Vision and Channel Clarity Inc.'s website *GetUnemploymentBenefits.com* on March 25 and March 28, 2011 with the From Name "Extended Unemployment Benefits."  The From Names do not identify Spire Vision or Channel Clarity Inc./*GetUnemploymentBenefits.com*.  The From Names are misleading as to who the spams are actually *from*.  The From Names could just as easily refer to any of hundreds if not

**13**

thousands of websites related to obtaining unemployment benefits, including but not limited to state Department of Labor websites.

47.     Riley received spams advertising Spire Vision and Channel Clarity Inc.'s website *ResourcesForAmericans.info* on March 27 and March 30, 2011 with the From Name "Government Resources Approval."  The From Names do not identify Spire Vision or Channel Clarity Inc./*ResourcesForAmericans.info*.  The From Names are misleading as to who the spams are actually *from*.  The From Names could just as easily refer to any of hundreds if not thousands of websites related to obtaining government resources – not that the *kind* of resources is stated – including but not limited to actual government-operated websites.

**J.   Spams Advertising Spire Vision and Davison Design & Development Inc. (16)**

48.     Riley received spams advertising Spire Vision and Davison on February 22, 2011 with the Subject Line "Invent and We will develop it"; on February 23, 2011 with the From Name "Cathy Riley DavisonDesigns"; on February 27, 2011 with the From Name "Cathy Riley DavisonDesigns" and the Subject Line "Value your idea Cathy Riley. Turn your idea into a product."; on March 3, 2011 with the From Name "Cathy Riley DavisonDesigns" and the Subject Line "Invent and We will develop it"; on March 7, 2011 with the Subject Line "Invent and We will develop it"; on March 13, 2011 with *no* From Name or Subject Line; on March 14, 2011 with the Subject Line "Invent and We will develop it"; on March 17, 2011 with the From Name "Cathy Riley DavisonDesigns" and the Subject Line "Invent and We will develop it"; on March 20, 2011 with *no* Subject Line; on March 22, 2011 with *no* Subject Line; two on March 23, 2011 with *no* From Name or Subject Line; on March 31, 2011 with the Subject Line "Invent and We will develop it"; on March 31, 2011 with the From Name "Cathy Riley DavisonDesigns" and the Subject Line "Value your idea Cathy Riley. Turn your idea into a product."; on April 1, 2011 with the Subject Line "Invent and We will develop it"; and on April 5, 2011 with the From

**14**

Name "Cathy Riley DavisonDesigns" and the Subject Line "Value your idea Cathy Riley. Turn your idea into a product."

49.     The From Names that include "Cathy Riley" are misleading because these spams were not *from* Cathy Riley.

50.     The Subject Lines that include "Invent and We will develop it" and "Turn your idea into a product" are false and are misleading because a reasonable recipient is likely to believe that Davison actually has the ability to develop inventions, to turn ideas into products, and to bring products to market, when Riley is informed and believes and thereon alleges that it has no ability to do so.

51.     The blank From Names and Subject Lines also misrepresent the source of the emails and the contents of the emails.

**K.  Spams Advertising Spire Vision and GMB Direct Inc. (3)**

52.     Riley received a spam advertising Spire Vision and GMB Direct Inc.'s website *JobAlertsUSA.com* on March 29, 2011 and two spams on March 30, 2011 with the From Name "ChristianJobs."  The From Names do not identify Spire Vision or GMB Direct Inc.  The From Names are misleading as to who the spams are actually *from*.  The From Names could just as easily refer to any of hundreds if not thousands of websites related to Christian jobs, including but not limited to *ChristianJobs.com* or *MinistryEmployment.com*.

**L.  Spams Advertising Spire Vision and Lifescript Inc. (3)**

53.     Riley received spams advertising Spire Vision and LifeScript Inc.'s website *LifeScript.com* on April 2, 2011 with the From Name "FREECoupons," and two on April 4, 2011 with the From Name "Free Snuggle Sample."  The From Name does not identify Spire Vision or Lifescript Inc.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites related to

coupons (e.g., *FreeCoupons.com* or *Valpak.com*) and free Snuggle samples (e.g., *FrugalDay.com* or *Free4Her.info*).

**M.  Spams Advertising Spire Vision and *MyPhotographyCareer.com* (3)**

54.     Riley received spams advertising Spire Vision and *MyPhotographyCareer.com* *LifeScript.com* on March 24, 2011 with the From Name "Photography Degree Search," on March 26, 2011 with the From Name "Photography Degree Search," and on April 2, 2011 with the From Name "Photography Education Network."  None of these From Name identify Spire Vision or *MyPhotographyCareer.com*.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites related to careers in photography, including but not limited to *Photography.Hallmark. edu* or *AllArtSchools.com*.

**N.  Spams Advertising Spire Vision and *PolicyGo.com* (6)**

55.     Riley received spams advertising Spire Vision and *PolicyGo.com* on March 21, 2011 with the From Name "Life Insurance Policies," on March 23, March 24, March 26, and April 4, 2011 with the From Name "Best Life Insurance," and on April 1, 2011 with the From Name "Life Insurance."  None of these From Name identify Spire Vision or *PolicyGo.com*.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites selling life insurance or directing consumers to life insurance providers, including but not limited to *LifeInsurancePolicies.com* or *MetLife.com*.

**O.  Spams Advertising Spire Vision and QuoteWizard.com LLC (12)**

56.     Riley received spams advertising Spire Vision and QuoteWizard.com LLC's website *SaveUpTo800.com* on March 7, 2011 with the From Name "Car Insurance Policies," on March 7, March 30, and April 3, 2011 with the From Name "Best Car Insurance," on March 13 and March

16, 2011 with the From Name "Car Insurance Alternatives," on March 25, 2011 with the From Name "Insurance Secrets," two on April 1 and three on April 5, 2011 with the From Name "Best Insurance."  None of these From Name identify Spire Vision or QuoteWizard.com LLC.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of hundreds if not thousands of websites selling car insurance or directing consumers to car insurance providers, including but not limited to *Esurance.com* or *MyCarInsuranceRates.com*.

**P.  Spams Advertising Spire Vision and Spark Networks USA LLC (5)**

57.     Riley received spams advertising Spire Vision and Spark Networks USA LLC's website *BlackSingles.com* on February 26, March 5, March 29, and March 30, 2011 with the From Name "Black Singles Dating," and on April 4, 2011 with the From Name "Black Singles Site."  Neither of these From Name identifies Spire Vision or Spark Networks USA LLC/*BlackSinglesDating.com*.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of numerous websites dedicated to African-American dating, including but not limited to *SoulSingles.com* or *BlackPeopleMeet.com*.

**Q.  Spams Advertising Spire Vision and Other Unknown Advertisers (11)**

58.     Riley received a spam advertising Spire Vision and Doe 1 on March 9, 2011 with the From Name "Home Employment."  This From Name does not identify Spire Vision or anyone else.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of numerous (often bogus) "work from home" websites.

59.     Riley received spams advertising Spire Vision and Doe 2 on March 20, March 24, two on April 1, April 2, and April 4, 2011 with the From Name "Internet Job Locator Online."  This From Name does not identify Spire Vision or anyone else.  The From Name is misleading as to

who the spams are actually *from*.  The From Name could just as easily refer to any of numerous websites dedicated to Internet jobsearch, such as *Monster.com* or *CareerBuilder.com*.

60.     Riley received spams advertising Spire Vision and Doe 3 on March 21, March 23, April 3, and April 5, 2011 with the From Name "Unemployment Poll."  This From Name does not identify Spire Vision or anyone else.  The From Name is misleading as to who the spams are actually *from*.  The From Name could just as easily refer to any of numerous (usually bogus) "survey" websites.

## FIRST CAUSE OF ACTION

### [Violations of California Restrictions on Unsolicited Commercial Email, California Business and Professions Code § 17529.5] (Against All Counter-Defendants)

61.     Riley hereby incorporates each and every foregoing paragraph as though set forth in full herein.

62.     Counter-defendants advertised in and sent 78 unlawful spams to Riley's California email address.

63.     Riley received the spams at issue within one year prior to filing this First Amended Counter-claim.

**A.  Counter-Defendants Violated Cal. Bus. & Prof. Code § 17529.5(a)(2) – False and Misrepresented Header Information**

64.     Cal. Bus. & Prof. Code § 17529.5(a)(2) prohibits misrepresented information in or accompanying email headers.

  ***1.  Misrepresented Information in From Names***

65.     The From Name in an email is supposed to identify who the email is *from*; it is not supposed to be an advertising message.

66.     The From Names of the spams at issue misrepresented *who* was advertising in the spams. In some cases, the From Names were merely ambiguous.  In other cases, the spams actually included Riley's name in the From Name, even though the spams are *not* from her.

### 2. *Misrepresented Information in Domain Name Registrations*

67.     The domain names used to send the spams at issue were registered to nonexistent companies "ConnectionCentrals LLC" and "SilverInteractive LLC."  These "companies" are actually unregistered fictitious business names of Spire Vision, claiming addresses at commercial mail receiving agencies in Michigan and Connecticut, states in which Riley is informed and believes and thereon alleges that Spire Vision has no physical presence. Because the registration for the domain names does not properly identify Spire Vision (or anyone else), there is misrepresented information accompanying the email headers of the spams.

### 3. *Misrepresented Information in Subject Lines*

68.     The Subject Lines (part of the headers) of the Davison spams described above contain misrepresented information relating to Davison's capabilities to develop products.  By Davison's own admissions, 99.999% of its income comes from up-front fees paid by inventors, as opposed to royalties from licensing arrangements, and 99.97% of would-be inventors lost money working with Davison.

69.     The blank From Names of the Davison spams also misrepresent who the spams are from.

## B. Counter-Defendants Violated Cal. Bus. & Prof. Code § 17529.5(a)(3) – Misleading Subject Lines

70.     Cal. Bus. & Prof. Code § 17529.5(a)(3) prohibits Subject Lines likely to mislead a reasonable recipient.

71.     The Subject Lines of the Davison spams described above are likely to mislead a reasonable recipient into believing that Davison has the capabilities to develop products and

bring them to market, when it cannot do so.  By Davison's own admissions, 99.999% of its income comes from up-front fees paid by inventors, as opposed to royalties from licensing arrangements, and 99.97% of would-be inventors lost money working with Davison.

72.     The blank Subject Lines of the Davison spams are also likely to mislead a reasonable recipient about the contents of the spams.

**C.  Riley Suffered Damages; Recipients of Unlawful Spam Have Standing to Sue Under Cal. Bus. & Prof. Code § 17529.5 and Recover $1,000 Per Spam Liquidated Damages**

73.     Riley suffered damages as a result of Counter-defendants' wrongful conduct.  *See* Cal. Bus. & Prof. Code § 17529(d), (e), (g), (h).

74.     Recipients of unlawful spam have standing to sue.  *See* Cal. Bus. & Prof. Code § 17529.5(b)(1)(A)(iii).  Nothing in the statute requires that a recipient click and purchase the goods or services advertised in the spam.

75.     The California Legislature set liquidated damages at One Thousand Dollars ($1,000) per email in violation of the statute.  *See* Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).

76.     For each spam, the Spire Vision Counter-defendant and the other advertiser counter-defendant are jointly and severally liable for damages.

77.     Cal. Bus. & Prof. Code § 17529.5 prohibits false and deceptive spam, and thus falls within the express exception-to-preemption set forth in the federal CAN-SPAM Act at 15 U.S.C. § 7707(b)(1).  The exception to preemption is based on *falsity*, not fraud, and Riley is not required to allege or prove the traditional elements of fraud.  *See Hypertouch Inc. v. ValueClick Inc.*, 192 Cal. App. 4th 805, 825 (2d Dist. 2011).

**D.  Counter-Defendants are Not Entitled to a Reduction in Statutory Damages**

78.     Riley is informed and believes and thereon alleges that Counter-defendants have not established and implemented, with due care, practices and procedures reasonably designed to

effectively prevent unsolicited commercial e-mail advertisements that are in violation of Bus. & Prof. Code § 17529.5.

79.     Indeed, the Spire Vision Counter-defendants admit that they acquire email address from other sources.

80.     Moreover, From Names and Subject Lines do not write themselves; the From Names and Subject Lines in the spams at issue were not "clerical errors."

**E.   Riley is Entitled to Attorneys' Fees**

81.     Riley seeks reimbursement of attorneys' fees and costs as authorized by Cal. Bus. & Prof. Code § 17529.5(b)(1)(C).

82.     The attorneys' fees provision for a prevailing plaintiff is typical of consumer protection statutes and supported by Cal. Code Civ. Proc. § 1021.5.  By prosecuting this action, Riley expects to enforce an important right affecting the public interest and thereby confer a significant benefit on the general public or a large class of persons.  The necessity and financial burden of private enforcement is such as to make the award appropriate, and the attorneys' fees should not, in the interest of justice, be paid out of the recovery of damages.


WHEREFORE, Riley prays for judgment against Counter-defendants, and each of them, as hereinafter set forth.


**SECOND CAUSE OF ACTION**

**[Violations of Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq.*]**
**(Against Davison Design & Development Inc.)**

83.     Riley hereby incorporates each and every foregoing paragraph as though set forth in full herein.

84. Cal. Civil Code § 1770(a)(5) prohibits representing that services have characteristics and benefits that they do not have.

85. Cal. Civil Code § 1770(a)(9) prohibits advertising services with intent not to sell them as advertised.

86. Davison purports to offer "invention development" services.

87. The spams advertising Davison are likely to mislead recipients into believing that Davison actually develops products when it has no ability to do so. E.g., Subject Lines include "Invent and We will develop it." By any reasonable definition, "developing" a product means conducting research to aid in successfully bringing it to market, and a reasonable definition of "successfully" would include turning a profit. In particular, the word "will" in the Subject Line is a definitive statement of Davison's capabilities. However, by its own admissions, Davison has no capability to develop products. 99.999% of Davison's income comes from up-front flat fees paid by would-be inventors as opposed to royalties from licensing deals, and 99.97% of would-be inventors lost money working with Davison.

88. Moreover, the tiny disclaimer in the email that "Davison does not perform analysis of the potential feasibility, marketability, patentability or profitability of ideas submitted to it" undermines the claim in the Subject Line that Davison "develops" products. Nor does that disclaimer absolve Davison from liability for the much larger text stating that "The Davison Method™ has put product ideas in over 500 stores. We help people develop their ideas into working product samples and present them to companies that pay people for their ideas." Disclaimers do not necessarily defeat reliance, at least where the wealth of information is intended to create a false impression and the disclaimer is not as prominently referenced as the material giving the false impression. *See, e.g., United States v. Yarnell*, 129 F.3d 1127, 1134

(10th Cir. 1997); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008) ("We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.").

89.     Riley, through counsel, sent a certified, return-receipt letter to Davison on March 17, 2011, alleging violations of the CLRA and demanding that Davison remedy the violations within 30 days in accordance with Cal. Civil Code § 1782, by: 1) identifying all consumers similarly situated to her who received Davison's unlawful spams, 2) notifying those consumers that upon their request Davison will make the appropriate corrections, and 3) immediately ceasing engaging in the false advertising practices used in the spams she received.

90.     Riley is informed and believes and thereon alleges that Davison has not timely (or at all) remedies its violations of the CLRA.  Indeed, Davison sent a comparable, unlawful spam to at least one other person (Subject Line: "Invent and We will develop it") five months later, on August 23, 2011.


WHEREFORE, Riley prays for judgment against Davison as hereinafter set forth.


### **PRAYER FOR RELIEF**

A.     An Order from this Court declaring that Counter-defendants violated Cal. Business & Professions Code § 17529.5 by advertising in and sending unlawful spams.

B.     An Order from this Court declaring that Davison Design & Development Inc. violated the Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq*. through its false advertising.

C.      Liquidated damages against Counter-defendants in the amount of $78,000 – $1,000 for each of 78 unlawful spams – as authorized by Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii), as detailed below:

    1.      Jointly and severally against Spire Vision, *60MinutePayday.com*, and Zach Robbins: $1,000 for 1 unlawful spam.

    2.      Jointly and severally against Spire Vision and AARP: $1,000 for 1 unlawful spam.

    3.      Jointly and severally against Spire Vision and Accelerated Performance – Channel Management LLC: $3,000 for 3 unlawful spams.

    4.      Jointly and severally against Spire Vision and Accelerated Tax Solutions Inc.: $1,000 for 1 unlawful spam.

    5.      Jointly and severally against Spire Vision and AffiliateNetwork.com Marketing LLC: $1,000 for 1 unlawful spam.

    6.      Jointly and severally against Spire Vision and Autotegrity Inc.: $5,000 for 5 unlawful spams.

    7.      Jointly and severally against Spire Vision and Stacey Bruck: $2,000 for 2 unlawful spams.

    8.      Jointly and severally against Spire Vision and CashFast123 LLC: $1,000 for 1 unlawful spam.

    9.      Jointly and severally against Spire Vision and Channel Clarity Inc.: $4,000 for 4 unlawful spams.

**FIRST AMENDED COUNTER-CLAIMS**

10. Jointly and severally against Spire Vision and Davison Design & Development Inc.: $16,000 for 16 unlawful spams.

11. Jointly and severally against Spire Vision and GMB Direct Inc.: $3,000 for 3 unlawful spams.

12. Jointly and severally against Spire Vision and Lifescript Inc.: $3,000 for 3 unlawful spams.

13. Jointly and severally against Spire Vision and *MyPhotographyCareer.com*: $3,000 for 3 unlawful spams.

14. Jointly and severally against Spire Vision and *PolicyGo.com*: $6,000 for 6 unlawful spams.

15. Jointly and severally against Spire Vision and QuoteWizard.com LLC: $12,000 for 12 unlawful spams.

16. Jointly and severally against Spire Vision and Spark Networks USA LLC: $5,000 for 5 unlawful spams.

17. Jointly and severally against Spire Vision and Doe 1: $1,000 for 1 unlawful spam.

18. Jointly and severally against Spire Vision and Doe 2: $6,000 for 6 unlawful spams.

19. Jointly and severally against Spire Vision and Doe 3: $4,000 for 4 unlawful spams.

D.   An order from this Court prohibiting Davison from advertising to California residents that Davison has the ability to develop new products.

E.      Punitive damages against the Spire Vision Counter-defendants as authorized by Cal. Civ. Code § 3294 in an amount to be determined by the Court.

F.      Punitive damages against Davison as authorized by Cal. Civil Code § 1780(a)(4) in an amount to be determined by the Court.

G.      Attorneys' fees as authorized by Cal. Bus. & Prof. Code § 17529.5(b)(1)(C), Cal. Civil Code § 1780(e), and Cal. Code Civ. Proc. § 1021.5.

H.      Disgorgement of all profits derived from unlawful spams directed to California residents.

I.      Costs of suit.

J.      Such other and further relief as the Court deems proper.

### **DEMAND FOR JURY TRIAL**

Cross-complainant demands a trial by jury.

THE LAW OFFICES OF DANIEL BALSAM

Dated:_____Dec. 27, 2011_____          /s/ Daniel L. Balsam
                                          Daniel L. Balsam
                                          Attorneys for Counter-Complainant Cathy Riley

**FIRST AMENDED COUNTER-CLAIMS**