UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVISON DESIGN & DEVELOPMENT INC., et al.,

       Plaintiff(s),

       v.

CATHY RILEY, et al.,

       Defendant(s).

No. C 11-2970 PJH

**ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS**

Counter-claimant Cathy Riley's motion to strike counter-defendant Spark Networks USA, LLC's first amended answer came on for hearing on September 12, 2012. Counter-claimant Cathy Riley ("Riley") appeared through her counsel, Daniel Balsam. Counter-defendant Spark Networks USA, LLC ("Spark Networks") appeared through its counsel, Victor Fu. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES Riley's motion, for the reasons stated at the hearing and as follows:

An affirmative defense can be struck if it does not provide the adverse party with "fair notice" of the nature of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." Solis v. Zenith Capital, LLC, 2009 WL 1324051 *2 (N.D. Cal. May 8, 2009). However, in this case, Spark Networks does allege sufficient facts to provide Riley with the required "fair notice." Even under the heightened pleading standards articulated in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S.

662 (2009), Spark Network's affirmative defenses are sufficient.  Thus, Riley's motion to strike is DENIED.

Also on for hearing was a motion to dismiss Riley's second amended counter-claims, filed by counter-defendants Caivis Acquisition Corp. II, Caivis Acquisition Corp. III, Digital Publishing Corp., XL Marketing Corp., Spire Vision LLC, Spire Vision Holdings, Proadvertisers LLC, Prime Advertisers LLC, MediActivate LLC, Serve Clicks LLC, Connection Centrals, SilverInteractive, Opportunity Central, Davison Design & Development Inc, and Ward Media Inc. (together, the "moving counter-defendants"). Counter-defendants GMB Direct, Inc. and Spark Networks also join in the moving counter-defendants' motion to dismiss.  The moving counter-defendants appeared through their counsel, Leeor Neta.  Riley appeared through her counsel, Daniel Balsam.  Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the moving counter-defendants' motion to dismiss, for the reasons stated at the hearing and as follows:

The moving counter-defendants note that the federal CAN-SPAM Act expressly preempts all state laws related to spam e-mail, except to the extent that a state law "prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1).  The Ninth Circuit considered the scope of this preemption exception in Gordon v. Virtumundo, 575 F.3d 1040 (9th Cir. 2009).  In Gordon, the Ninth Circuit held that "the express language of § 7707 demonstrated Congress's intent that the CAN-SPAM Act broadly preempt state regulation of commercial e-mail with limited, narrow exception," and further held that "the exception language, read as Congress intended, refers to 'traditionally tortious or wrongful conduct.'" Id. at 1061-62.  Thus, consistent with the Ninth Circuit's holding, the court finds that Riley's counter-claims do not sound in tort, and thus are preempted by the federal CAN-SPAM Act.  Accordingly, Riley's counter-claims are DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: September 13, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge