UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVISON DESIGN & DEVELOPMENT INC., et al.,

    Plaintiff(s),

    v.

CATHY RILEY, et al.,

    Defendant(s).

                            /

No. C 11-2970 PJH

**ORDER GRANTING MOTION TO SHORTEN TIME AND DENYING IN PART MOTION FOR PROTECTIVE ORDER**

On October 2, 2012, defendant Cathy Riley ("defendant") filed a motion for protective order restricting discovery and an administrative motion for an order shortening time on the motion for protective order. Defendant has been noticed to appear for deposition on October 15, 2012, and seeks a protective order to prevent this "unnecessary" discovery. See Dkt. 152. Plaintiffs Spirevision, et al. ("plaintiffs") filed an opposition brief, which rebutted defendant's arguments both as to the motion to shorten time and as to the motion for protective order itself. Most importantly, plaintiffs point out that defendant "identifies no harm, let alone substantial harm or prejudice" that would result from allowing discovery to move forward. Dkt. 154 at 3. Plaintiffs acknowledge that defendant's counterclaims have already been dismissed, but point out that their declaratory judgment action is still pending before the court.[1]

---

[1] Defendant also filed a reply to plaintiffs' opposition on October 11, 2012. See Dkt. 156. While defendant's motion to shorten time purports to proceed under Civil Local Rule 7-11, motions to change time are actually governed by Civil Local Rule 6-3. However, neither rule provides for the filing of a reply brief, let alone a reply brief that exceeds five pages. Accordingly, defendant's reply is stricken.

1    Because defendant's deposition is scheduled to occur before the motion for
2 protective order can be heard on a regular briefing schedule, the court GRANTS
3 defendant's motion to shorten time.  However, the court finds that plaintiffs do have a right
4 to conduct discovery on their still-pending claim for declaratory relief, and because
5 defendant has not identified any specific harm or prejudice that would result from her
6 deposition, the court DENIES in part defendant's motion for protective order.  To the extent
7 that defendant seeks to avoid the October 15 deposition, the motion is denied.  To the
8 extent that defendant seeks to restrict other forms of discovery, the court will hear the
9 motion on the noticed hearing date of November 7, 2012.

10   Defendant notes that she has concurrently filed a motion for judgment on the
11 pleadings, in which she acknowledges that the court has dismissed her state law claims,
12 and that she cannot sue under the federal CAN-SPAM Act.  <u>See</u> Dkt. 151.  Thus, if
13 defendant wishes to stipulate to the declaratory judgment sought by plaintiffs, then any
14 need for a deposition would be mooted.  Failing such a stipulation, however, plaintiffs' claim
15 remains unresolved and they may take any deposition necessary to establish their
16 entitlement to declaratory relief.  Defendant is obligated to attend the noticed deposition.

**IT IS SO ORDERED.**

Dated: October 12, 2012

PHYLLIS J. HAMILTON
United States District Judge