UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVISON DESIGN & DEVELOPMENT INC., et al.,

    Plaintiff(s),

    v.

CATHY RILEY,

    Defendant(s).

No. C 11-2970 PJH

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND VACATING IN PART ORDER GRANTING MOTION TO DISMISS**

    Plaintiffs' motion for summary judgment came on for hearing before this court on January 16, 2013. Plaintiffs Davison Design and Development, et al. ("plaintiffs") appeared through their counsel, Leeor Neta. Defendant Cathy Riley ("defendant" or "Riley") appeared through her counsel, Timothy Walton. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiffs' motion, for the reasons stated at the hearing and as follows.

    This is a declaratory judgment suit brought by plaintiffs, who are alleged to have sent unsolicited commercial email (or "spam" email) to Riley, in violation of California's anti-spam law. After receiving these spam emails, Riley contacted plaintiffs and demanded payment to settle any claims arising under the anti-spam law (specifically, Cal. Bus. & Prof. Code § 17529.5). Instead, plaintiffs filed this action, seeking a declaratory judgment that some 115 emails sent from plaintiffs to Riley did not actually violate section 17529.5. Riley then filed counter-claims, alleging that plaintiffs did indeed violate the statute, and seeking statutory damages of $1,000 for each allegedly offending email. Plaintiffs then moved to

dismiss Riley's counter-claims, arguing that California's anti-spam law was preempted by the federal CAN-SPAM Act, which expressly preempts all state laws related to spam email, except to the extent that a state law "prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1). The Ninth Circuit further explained the scope of this preemption in Gordon v. Virtumundo, in which it held that "the express language of § 7707 demonstrated Congress's intent that the CAN-SPAM Act broadly preempt state regulation of commercial email with limited, narrow exception," and further held that "the exception language, read as Congress intended, refers to 'traditionally tortious or wrongful conduct.'" 575 F.3d 1040, 1061-62 (9th Cir. 2009). The court found that Riley's counter-claims did not sound in tort, and thus were preempted by the federal CAN-SPAM Act. See Dkt. 149 (order granting motion to dismiss). However, during its review of the briefs filed in connection with plaintiffs' motion for summary judgment, the court became aware that certain emails sent by plaintiffs contain more than the type of technical, non-tortious falsities that are preempted by federal law. Seven of the spam emails at issue actually contain Riley's name in the "from" line, which is a material falsity that could possibly give rise to a claim of fraud. And if Riley can adequately allege a claim for fraud, her counter-claims as to those seven emails would fall under the preemption exception articulated in Gordon. In order to state a claim for fraud, Riley still bears the burden of alleging facts showing reliance and damages as to those seven emails. But if she is able to do so, her counter-claims as to those emails will not be preempted. Thus, to the extent that this court's dismissal order found Riley's counter-claims as to those seven emails to be preempted, the order is VACATED. As to the remaining 108 disputed emails, the court's dismissal order remains in place, as Riley has not identified any possible tort theory that would apply to any of those emails, and instead relies on allegations of technical violations of California's anti-spam law. At the hearing, the parties indicated that they might need to take discovery relating to the seven emails with Riley's name in the "from" line. Thus, the parties will have 90 days from the date of this order to conduct that discovery. After that discovery is completed, each side will be

permitted to file one motion for summary judgment, and shall submit a proposed briefing and hearing schedule should they wish to do so.

As to plaintiffs' motion for summary judgment currently before the court, the court first notes that plaintiffs are moving for summary judgment on their own declaratory relief claims. Thus, plaintiffs bear the burden of proving that each of the 115 disputed emails does not violate California's anti-spam law. But rather than addressing each email individually and explaining why they do not violate the specific provisions of section 17529.5, plaintiffs have instead decided to rest on the lack of evidence presented by Riley. In other words, plaintiffs argue that, because Riley has not presented evidence that the emails do in fact violate section 17529.5, plaintiffs are thus entitled to summary judgment that the emails do not violate section 17529.5.

Plaintiffs appear to be confused about which party has the burden of proof on this motion. As declaratory judgment plaintiffs, plaintiffs must do more than simply point to a paucity of evidence presented by Riley. They must affirmatively show that each of the emails at issue does not violate any provision of the California anti-spam law. If plaintiffs fail to make that showing, they are not entitled to a declaratory judgment so stating. In the alternative, plaintiffs may decide that Riley's lack of evidence as to any section 17529.5 violations simply obviates the need for a declaratory judgment. Given Riley's apparent failure to present evidence of a violation, it may be preferable to avoid the academic exercise of examining 115 individual emails and determining whether each one warrants a declaratory judgment that it does not violate section 17529.5. However, if plaintiffs insist on pursuing their declaratory judgment claims, they must meet their burden as the moving parties on summary judgment. Because their motion for summary judgment fails to do so, the motion is DENIED. However, consistent with the above instructions, plaintiffs will be permitted to file the one additional motion for summary judgment, referred to above, after the completion of any additional discovery.

Finally, the court notes that, after briefing on plaintiffs' motion for summary judgment had completed, Riley filed a "supplemental declaration," seeking to introduce a number of

3

new emails (beyond the 115 already at issue) into the case. Riley did not have leave of court to file this supplemental material, and plaintiffs moved to strike the brief. Because Riley filed this brief without leave of court, seeking to introduce new evidence into a record that was already closed, the court GRANTS plaintiffs' motion and STRIKES Riley's supplemental declaration (Dkts. 182-83) as improperly filed. However, plaintiffs' motion for sanctions is DENIED, and plaintiffs' motion to shorten time is DENIED as moot.

**IT IS SO ORDERED.**

Dated: March 25, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge