UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVISON DESIGN & DEVELOPMENT INC., et al.,

    Plaintiffs,

  v.

CATHY RILEY,

    Defendant.
_____/

No. C 11-2970 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO SERVE INTERROGATORIES IN EXCESS OF 25**

    Plaintiffs' motion for leave to serve interrogatories in excess of 25 came on for hearing before this court on June 12, 2013. Plaintiffs Davison Design and Development, et al. ("plaintiffs") appeared through their counsel, Leeor Neta. Defendant Cathy Riley ("defendant") appeared through her counsel, Daniel Balsam. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part plaintiffs' motion, for the reasons stated at the hearing and as follows.

    This is a declaratory judgment suit brought by plaintiffs. Plaintiffs seek an order stating that some 115 emails sent from plaintiffs to defendant do not violate California's anti-spam law, Cal. Bus. & Prof. Code § 17529.5. As the parties seeking declaratory judgment, plaintiffs bear the burden of showing that each email does not violate any provision of section 17529.5. Specifically, plaintiffs bear the burden of showing that none of the emails contain or are "accompanied by a third-party's domain name without the permission of the third-party." Cal. Bus. & Prof. Code § 17529.5(a). Plaintiffs also bear the burden of showing that none of the emails contain or are accompanied by "falsified, misrepresented, or forged header information." Cal. Bus. & Prof. Code § 17529.5(b). Finally, plaintiffs bear the burden of showing that none of the emails have "a subject line

that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message." Cal. Bus. & Prof. Code § 17529.5(c).  No discovery is needed from defendant in order for plaintiffs to prove their case.  Instead, all relevant information lies either with plaintiffs themselves, or with third parties.  Accordingly, with respect to the 575 interrogatories related to these three provisions of section 17529.5, plaintiffs' motion is DENIED.

Separate from plaintiffs' declaratory judgment claim, defendant also asserts counter-claims with respect to seven emails.  Specifically, defendant alleges that she received seven emails with her own name in the "from" line.  Because these seven emails could potentially give rise to a claim of fraud, the court previously held that defendant's counter-claims (as to only these seven emails) were not preempted by the federal CAN-SPAM Act.  See Dkt. 188.  The court also noted that defendant "still bears the burden of alleging facts showing reliance and damages as to those seven emails." Id. at 2.  Thus, plaintiffs are justified in seeking discovery as to defendant's claims of reliance and damages as to those seven emails.  Plaintiffs seek to serve 14 interrogatories related to defendant's counter-claims - one on reliance and one on damages for each of the seven emails.  As to those fourteen interrogatories only, plaintiffs' motion is GRANTED.

At the hearing, the court also noted that plaintiffs filed a motion for protective order on June 3, 2013, seeking to shield themselves from defendant's discovery requests.  As stated at the hearing, the parties are ordered to meet and confer regarding the scope of defendant's discovery requests.  This meet and confer must occur before the June 17, 2013 deadline for defendant's opposition to the motion for protective order.

**IT IS SO ORDERED.**

Dated: June 14, 2013

PHYLLIS J. HAMILTON
United States District Judge