1  Timothy J. Walton (State Bar No. 184292)
   Jim C. Twu (State Bar No. 175032)
2  WALTON TWU LLP
3  9515 Soquel Drive Suite #207
   Aptos, CA 95003
4  Phone: (831) 685-9800
   Fax: (650) 618-8687
5

6  Daniel L. Balsam (State Bar No. 260423)
   THE LAW OFFICES OF DANIEL BALSAM
7  2912 Diamond Street #218
   San Francisco, CA 94131
8  Tel. & Fax: (415) 869-2873

9
   Attorneys for Defendant/Counter-Claimant
10 CATHY RILEY

11

12              **UNITED STATES DISTRICT COURT**

13    **NORTHERN DISTRICT OF CALIFORNIA (OAKLAND DIVISION)**

14

15 DAVISON DESIGN & DEVELOPMENT          ) Case No.        4:11-cv-02970 (PJH)
   INC., *et al*,                        )
16                                        ) **COUNTER-CLAIMANT'S NOTICE OF**
                Plaintiffs,               ) **MOTION AND MOTION FOR LEAVE**
17                                        ) **TO AMEND COUNTER-CLAIMS;**
         vs.                              ) **MEMORANDUM OF POINTS AND**
18                                        ) **AUTHORITIES**
19 CATHY RILEY,                           )
                                          ) Date:          October 23, 2013
20              Defendant.                ) Time:          9:00 am
                                          ) Courtroom:     3, 3rd Floor
21 ─────────────────────────────         )
                                          )
22 CATHY RILEY,                           )
                                          )
23           Counter-Claimant,            )
                                          )
24       vs.                              )
                                          )
25 SPIRE VISION HOLDINGS INC. *et al*,    )
                                          )
26                                        )
           Counter-Defendants.           )
27 ─────────────────────────────         )

28

                                    **1**
─────────────────────────────────────────────────────────────
   **COUNTER-CLAIMANT'S MOTION FOR LEAVE TO AMEND COUNTER-CLAIMS**

NOTICE IS HEREBY GIVEN that on October 23, 2013, in Courtroom E of the United States District Court, located at 1301 Clay Street, Oakland, CA 94612, at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendant/Counter-Claimant Cathy Riley ("Riley") will, and hereby does, move for leave to amend her operative Second Amended Counter-Claims ("SACC").  A copy of the [Proposed] Third Amended Counter-Claims ("3ACC") is attached as Exhibit A to the Declaration of Daniel Balsam.

As detailed below, the primary reason Riley requests leave to amend her Counter-Claims is that Plaintiffs/Counter-Defendants Spire Vision Holdings Inc. *et al* (collectively, "Spire Vision") sent her a dozen more spams *after* she filed the SACC, which means that this Motion to Amend is the most practical and efficient means for her to obtain justice as to the new unlawful acts.[1]  The 3ACC necessarily means adding more claims and more Counter-Defendants.  At the same time, Riley proposes to remove several Counter-Defendants, most of which she has already dismissed.[2]  Additionally, Riley wishes to clarify/correct/support some of the claims and the cause of action.  Finally, Riley wishes to correct several minor grammatical errors.

The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the papers and records on file herein, and on such oral and documentary evidence as may be presented at the hearing on the Motion.

//

//

//

//

//

---

[1] Riley could file a new action for these spams in state court, but Spire Vision could seek to remove and consolidate that lawsuit into this Action based on the "common nucleus of operative facts."  Amending Riley's Counter-Claims is the more efficient approach to bring in these new spams.

[2] Spire Vision's attorneys rejected Riley's offer to stipulate to dismiss Serve Clicks LLC and OpportunityCentral; otherwise, she would have dismissed them months ago.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant/Counter-Claimant Cathy Riley ("Riley") moves for leave to amend the operative Second Amended Counter-Claims ("SACC") she filed a year and a half ago against professional spammers Spire Vision Holdings Inc. *et al* (collectively "Spire Vision") and its clients, and file Third Amended Counter-Claims ("3ACC").  Balsam Decl. at ¶ 2 and Ex. A.  The primary reason for the Motion is that Plaintiffs/Counter-Defendants sent more unlawful spams to Riley *after* she filed the operative SACC… more than a year and a half after this litigation started.  The new spams eviscerate Spire Vision's claims that it sends commercial email advertisements only to people who give direct consent.  The new spams necessitate adding several new Counter-Defendants.  Riley also wishes to remove some Counter-Defendants, most of whom she has already dismissed, and clarify/correct/support some claims and the cause of action.  Plaintiffs/Counter-Defendants will not suffer undue prejudice if the [Proposed] 3ACC is filed, because a trial date has not been set.  This Court should grant leave to amend.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Professional spammers Spire Vision and its clients, including Davison Design & Development Inc. ("Davison"), advertised in and sent more than 100 spams to Riley over just a few months in 2011, in violation of California Business & Professions Code § 17529.5.

Spire Vision and Davison sued Riley (and Kristina Kirby) in federal court – despite the fact that Riley claims violations of state law – for a declaratory judgment that the commercial email advertisements at issue are not spams… and even if the emails are spams, the spams are truthful… and even if the spams are false and deceptive, Riley's claims are preempted by the federal CAN-SPAM Act, 15 U.S.C. § 7701 *et seq.*, which denies standing to the very recipients who Congress acknowledged are harmed by receiving spams.  *See* 15 U.S.C. §§ 7706, 7701(a)(3).

Ten months after Riley filed the operative SACC, Spire Vision advertised in and sent 12 more unlawful spams to her, even though she could not possibly have made it more clear that she did not want to receive their spams.

Because Riley received these 12 spams *after* she filed the operative SACC, Riley requests leave to amend so she can file the [Proposed] 3ACC and seek justice for these 12 new spams.

### III.  <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 15(a)(2) governs Riley's Motion for Leave to Amend her Counter-Claims.  Rule 15(a)(2), which is controlling for all amendments not covered by amendments within the initial twenty (20) day response filing period, bestows upon the courts wide latitude in granting a party leave to amend: "The court should freely give leave with justice so requires."

*Eminence Capital LLC v. Aspeon Inc.* holds that "This policy is 'to be applied with extreme liberality.'"  316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).  *See also Forman v. Davis*, 371 U.S. 178, 182 (1962) (federal policy strongly favors determination of cases on their merits.  Therefore, leave to amend pleadings should be freely given unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party).

Federal Rule of Civil Procedure 20(a)(2) controls who may be joined as defendants: "Persons [ ] may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Finally, and squarely on point, Federal Rule of Civil Procedure 13(e) states that "The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV. <u>DISCUSSION</u>

The primary reason Riley requests leave to amend her Counter-Claims is that Spire Vision advertised in and sent her a dozen more spams *after* she filed the operative SACC, which necessarily means adding more claims and more Counter-Defendants.  At the same time, Riley proposes to remove several Counter-Defendants, most of which she has already dismissed. Additionally, Riley wishes to clarify/correct/support some of the claims and cause of action as stated in the SACC.  Finally, Riley wishes to correct several minor grammatical errors.

Paragraph and page/line references in this section refer to the [Proposed] 3ACC – *see* Balsam Decl., Exhibit A – unless otherwise noted.

### A. <u>Adding Counter-Defendants and Claims</u>

Riley proposes to add Spire Vision Counter-Defendants On Demand Research LLC, Zeta Interactive LLC, Michael DiMaio, and David Smith, who advertised in and/or sent the 2013 spams, at 2:7-13 and ¶¶ 11, 12, 18, 19, 55-66.  Riley also proposes to add Credit Locator at ¶ 15, inadvertently omitted from the SACC.

Riley proposes to add *non*-Spire Vision Counter-Defendants Accelerize New Media Inc., Choice Home Warranty, DailyFinanceGroup.com, Discover Financial Services Inc., JBR Media Ventures LLC, Web2Carz.com, and Wellness & Vitality Ltd., associated with the 2013 spams, at 2:19-3:3 and ¶¶ 26-32, 55-66.

The three 2013 On Demand Research spams (¶¶ 55-57) introduce a new level of false and misleading spamming for Spire Vision.  The Subject Lines of these spams contain false and misleading information because they state that a person who takes a survey receives a gift card. Even though Spire Vision could not possibly spell out all of the terms and conditions in the Subject Lines, the Subject Lines do not even disclose the *existence* of purchase requirements. Additionally, the From Names contain "Starbucks," which is false because the emails are not *from* Starbucks.

**B. Removing Counter-Defendants and Claims**

Because Spire Vision's attorneys rejected Riley's offer to stipulate to dismiss Serve Clicks LLC and OpportunityCentral, Riley proposes to remove references from the SACC at 2:7-10 and ¶¶ 11, 14.

Riley proposes to remove Counter-Defendants AARP, CashFast123 LLC, LeadPile LLC, Joshua Mitchem, LifeScript Inc., and MyPhotographyCareer.com that were located in the SACC at 2:11-19 and ¶¶ 16, 19-21, 24-25, 34, 37, 43, 44.

**C. Clarifying, Correcting, and Supporting Claims**

In the SACC at ¶ 29, Riley incorrectly stated that

> . . . . Spire Vision only identified themselves in the spams as "ConnectionCentrals" and "SilverInteractive," non-existent companies, claiming addresses at commercial mail receiving agencies in Flint, Michigan and Milford, Connecticut… states in which they have no physical presence. Moreover, the domain names advertised in and used to send the spams were registered to "ConnectionCentrals" and "SilverInteractive." Riley is informed and believes and thereon alleges that Spire Vision engaged in this scheme to prevent anyone from identifying Spire Vision as the true source of the spams by querying the Whois database.

However, Spire Vision does not actually identify itself in the spams at all, not even by its purported "brands." Riley wishes to clarify that Spire Vision *only* provides its boxes at the UPS Store in the spams, and to add language regarding the untraceable domain names. Riley proposes to clarify the language in ¶ 34 of the 3ACC as follows:

> . . . . Spire Vision did not identify itself in the spams at all, not even by its purported "brands," providing only addresses at commercial mail receiving agencies in Flint, Michigan and Milford, Connecticut… states in which it has no physical presence. Moreover, the domain names advertised in and used to send the spams were registered to "ConnectionCentrals," "SilverInteractive," and "Credit Locator," claiming addresses at commercial mail receiving agencies in Flint, Michigan; Milford, Connecticut; and Reno, Nevada. Riley was unable to identify any Spire Vision company by querying the Whois database to identify the registrants of the domain names used to send the spams at issue. Riley is informed and believes and thereon alleges that, at the time she received these spams, there was no generally known and publicly accessible database that clearly links "ConnectionCentrals," "SilverInteractive," and "Credit Locator" to any of the Spire Vision companies. Riley is informed and believes and thereon alleges that Spire Vision engaged in this scheme to prevent anyone from identifying Spire

Vision as the true source of the spams by querying the Whois database to identify the registrant of the domain names.

Spire Vision claims that its commercial emails "are permission-based, and [they] do not send emails to persons who have not agreed to receive them," and "Riley knowingly agreed and provided her direct consent to receive advertising emails." *See* Spire Vision's Second Amended Complaint at ¶¶ 14 and 12.  In ¶ 36 (¶ 31 in the SACC), Riley alleged that she "never gave 'direct consent' to any Counter-Defendant to send her commercial email, and [she] never had a 'preexisting or current business relationship' with any Counter-Defendant."  Riley proposes to add footnote 1 to set forth facts supporting her claim and demonstrating that the opt-in record has been falsified.  In footnote 1, Riley specifically alleges that: 1) she had never heard of the websites *ClaimFreeRewards.com*, *WinYourCruise.com*, and *YourSurveyOffers.com*, where Spire Vision claimed that she opted in to receive commercial email; 2) she has evidence in the form of bank records and passport stamps, which she already provided to Spire Vision's attorney, that she was in Australia on April 18, 2009, when Spire Vision claims she opted in to receive commercial email from *YourSurveyOffers.com* while connected to the Internet using an Internet Protocol address located in South Carolina; and 3) the opt-in record shows Riley's name as "Catherine" even though her legal name is actually "Cathy" and she has never used "Catherine" for any purpose.

Upon further review, Riley claims that 23, not 16, Davison spams violate California law, necessitating a change to the IV (C) section heading.  In ¶ 42, Riley proposes to more clearly set forth the dates, From Names, and Subject Lines of the unlawful spams using bullets.  Regarding From Names, Riley proposes to change "misleading" to "false and misrepresented" in ¶ 43 because it more accurately reflects the statutory language of California Business & Professions Code § 17529.5(a)(2).  In ¶ 44, Riley explains why the Davison From Names are false and misrepresented.

Riley still claims that the five Spark Networks USA spams violate California law, but in ¶ 49, Riley proposes to more clearly set forth the dates, From Names, and Subject Lines using bullets.  In ¶ 51, Riley proposes to explain why two of the Subject Lines are false.

**7**

1   **D.  Substantive Amendments to the First Cause of Action**

2          *Misrepresented information in From Names – 2011 spams.*  Riley proposes to move the

3   references to Davison falsely putting her name in the From Name field from ¶ 73 to ¶ 76; to add

4   examples of ambiguous and generic From Names to ¶ 73; to put the proper case citation to

5   *Balsam v. Trancos Inc.* in ¶ 74; and to add ¶ 77 with allegations that eight other Davison spams

6   have misrepresented information in the From Names.

7          *Misrepresented and false information in From Names – 2013 spams.*  Riley proposes to

8   add ¶¶ 78-81, explaining why the From Names for the 2013 spams contain false and

9   misrepresented information, including the fact that she is a frequent Starbucks customer and she

10  opened the three On Demand Research LLC spams in reliance on the fact that "Starbucks"

11  appeared in the From Name field.

12         *Misrepresented information in domain name registrations – 2011 spams.*  In ¶¶ 82-88,

13  Riley proposes to change references to 31 domain names to 25 domain names for the 2011 spams

14  (because she dismissed some Counter-Defendants); to specify in ¶ 82 that none of the domain

15  names facially identified any of the Spire Vision companies; to specify in ¶ 83 that none of the

16  domain names used to send the 2011 spams at issue were not "readily traceable to any of the

17  Spire Vision companies in any way (including but not limited to the public Whois database"; to

18  remove several domain names from and add several domain names to ¶ 84; and to add the

19  allegation that Credit Locator is a nonexistent company to ¶ 86.  Riley also proposes to remove

20  SACC ¶¶ 62-63 that referred to Serve Clicks LLC and OpportunityCentral.

21         *Misrepresented and false information in Subject Lines – 2011 Spams.*  Riley proposes to

22  change "likely to mislead a consumer/recipient as to" to "false and misrepresent" in ¶ 90, and

23  explain that two of the Spark Networks USA LLC spams' Subject Lines are false because

24  *BlackSingles.com* is *not* the exclusive website for Black singles.

25         *Misrepresented and false information in Subject Lines – 2013 Spams.*  Riley proposes to

26  add ¶ 94 to prove that the Subject Lines of the three On Demand Research LLC spams are false;

27  to add ¶ 95 to demonstrate that advertising "free" gift cards that are not free violates California

28  Business & Professions Code § 17529.5 as a matter of substantive California law; to add ¶¶ 96-

97 to show that the Federal Trade Commission also considers "free" gift card advertisements to be unlawful when a person has to disclose significant amounts of personal information and spend money to receive the "free" item; and to add ¶¶ 98-100 to explain why other Subject Lines contain false and misrepresented information.

*Misleading Subject Lines – 2011 spams*.  Riley proposes to clarify the statutory language in ¶ 101; and to add ¶ 104 to explain why 10 of the Davison spams' Subject Lines referring to developing inventions and turning ideas into products are misleading as to the contents of the spam, which states that Davison does not actually perform various functions that are part of the new product development process.

*Misleading Subject Lines – 2013 spams*.  Riley proposes to add ¶¶ 107-113, which are very similar to ¶¶ 94-100 but explain why the Subject Lines are misleading relative to the contents of the spams, in addition to being false and misrepresented in an "absolute" sense.

*Damages and Standing*.  Riley proposes to add a case citation to ¶ 114 to support her claim that as a matter of substantive California law, a spam recipient need not plead reliance and damages to bring a cause of action for violations of California Business & Professions Code § 17529.5.  Riley proposes to add ¶ 115, objecting to any enhanced pleading requirement beyond receiving unlawful spams.  Notwithstanding the foregoing, Riley also proposes to add ¶ 116, in which she alleges that she relied on the generic/ambiguous From Names, the use of *her* name in the From Name of seven spams, and Spire Vision's use of "Starbucks" in the From Name of three spams, which caused her to open the spams.

**E.  Other Changes (Excluding Minor Grammatical Corrections)**

Riley proposes to replace "Law Offices of Timothy Walton" with "Walton Twu LLP" and add Jim Twu as an attorney of record, at 1:1-2.  (Riley has already filed papers reflecting this change.)

Riley proposes to change San Francisco to Oakland and correct the case number to 4:11-cv-02970 (PJH), at 1:11-13.

**COUNTER-CLAIMANT'S MOTION FOR LEAVE TO AMEND COUNTER-CLAIMS**

Riley proposes to add "or more likely just two random words thrown together" at 6:9 and 6:20, to reflect the fact that she rejects Spire Vision's characterization of "ConnectionCentrals" and "SilverInteractive" as "subsidiaries, divisions, or brands."

Riley proposes to add alter-ego allegations that the Spire Vision entities do not follow corporate formalities, and an example, at ¶ 16.

Riley proposes to amend ¶ 17 to conform to the added and removed Spire Vision entities, as discussed above.

Riley proposes to change "Second Amended Counter-Claims" to "Third Amended Counter-Claims," 60 spams to 59 spams in 2011,[3] and add 12 spams in 2013, at 3:6-9.

Riley proposes to change "60 spams" in ¶¶ 37, 68 to "59 unlawful spams in 2011." In ¶ 38, Riley proposes to clarify that the *2011* spams' domain names are owned and operated by Spire Vision. Riley proposes to add ¶¶ 39, 70, and 123, stating that Spire Vision and other Counter-Defendants advertised in and sent her 12 more unlawful spams in *2013*, which eviscerates any claim that Spire Vision only sends commercial email advertisements to people who requested to receive them.

Riley proposes to amend the section headings IV (A)-(G) to specify that she received the spams described in those sections in 2011.

Riley proposes to add a case citation to ¶ 120.

In the Prayer for Relief, Riley proposes to correct the paragraph letters, amend the request for liquidated damages to $71,000, remove paragraphs referring to dismissed Counter-Defendants, and add paragraphs referring to the new Counter-Defendants.

---

[3] Riley dismissed AARP (one spam), CashFast123 LLC/LeadPile LLC/Joshua Mitchem (One spam), LifeScript Inc. (three spams), and MyPhotographyCareer.com (three spams), for a total of eight spams. Riley claims that seven more Davison spams violate the statute. The net change of -1 is the reason Riley proposes to change 60 spams in the SACC to 59 in the 3ACC.

COUNTER-CLAIMANT'S MOTION FOR LEAVE TO AMEND COUNTER-CLAIMS

### V. <u>CONCLUSION</u>

Spire Vision sent Riley more unlawful spams after she filed the operative SACC. Therefore, in accordance with Federal Rules of Civil Procedure 20(a)(2), 13(e) and 15(a)(2), which establishes a liberal leave to amend, and because Counter-Defendants cannot demonstrate any undue prejudice, this Court should grant Riley's Motion for Leave to Amend and permit her to file the [Proposed] Third Amended Counter-Claims.

THE LAW OFFICES OF DANIEL BALSAM

Date:          August 23, 2013          BY:    /s/ Daniel L. Balsam
                                                DANIEL L. BALSAM
                                                Attorneys for Defendant/Counter-Claimant
                                                Cathy Riley