United States District Court

For the Northern District of California

1

2          UNITED STATES DISTRICT COURT

3          NORTHERN DISTRICT OF CALIFORNIA

4

5  DAVISON DESIGN & DEVELOPMENT
   INC., et al.,
6
                    Plaintiffs,              No. C 11-2970 PJH
7
        v.                                   **ORDER RE PROTECTIVE ORDER**
8                                            **AND DECLARATORY JUDGMENT**
   CATHY RILEY,                              **JURISDICTION**
9
                    Defendant.
10 _____/

11

12          Plaintiffs' motion for protective order came on for hearing before this court on July

13  10, 2013.  Plaintiffs XL Marketing Corp., et al. ("plaintiffs") appeared through their counsel,

14  Leeor Neta.  Counsel for defendant Cathy Riley ("defendant" or "Riley") did not appear at

15  the hearing.  Having read the papers filed in conjunction with the motion and carefully

16  considered the arguments and the relevant legal authority, and good cause appearing, the

17  court hereby rules as follows.

18          This is a declaratory judgment suit brought by plaintiffs.  Plaintiffs seek an order

19  stating that some 115 emails sent from plaintiffs to defendant do not violate California's

20  anti-spam law, Cal. Bus. & Prof. Code § 17529.5.  Specifically, plaintiffs seek a declaratory

21  judgment that none of the emails contain or are "accompanied by a third-party's domain

22  name without the permission of the third-party" (as prohibited by Cal. Bus. & Prof. Code §

23  17529.5(a)); that none of the emails contain or are accompanied by "falsified,

24  misrepresented, or forged header information" (as prohibited by Cal. Bus. & Prof. Code §

25  17529.5(b)); and that none of the emails have "a subject line that a person knows would be

26  likely to mislead a recipient, acting reasonably under the circumstances, about a material

27  fact regarding the contents or subject matter of the message" (as prohibited by Cal. Bus. &

28  Prof. Code § 17529.5(c)).

United States District Court

For the Northern District of California

1   When plaintiffs first filed suit, defendant Riley also asserted counter-claims,

2   affirmatively alleging that plaintiffs' emails violated section 17529.5.  However, the court

3   granted plaintiffs' motion to dismiss on preemption grounds, finding that the federal CAN-

4   SPAM Act expressly preempted all state laws related to spam e-mail, except to the extent

5   that any alleged violations sounded in tort.  See Dkt. 149.  While the court originally found

6   all of Riley's counter-claims to be preempted, it later revisited its ruling, and found that

7   seven of the disputed emails could possibly give rise to a tort-based fraud claim.  See Dkt.

8   188 at 2.  Thus, Riley has active counter-claims as to only those seven emails.  As to the

9   remaining 108 emails, Riley's counter-claims remain preempted, and the only active claims

10  related to those emails are plaintiffs' declaratory judgment claims.

11  In connection with plaintiffs' declaratory judgment claims, Riley has served 5,010

12  discovery requests.  Plaintiffs now move for a protective order allowing them to respond to

13  "only those specific discovery requests that address the issues necessitating further

14  discovery," and prohibiting Riley from serving any further discovery.  Plaintiffs note that

15  "most of the requests failed to address the issue of reliance and damages, the primary

16  basis for additional discovery as ordered by the court."

17  While the court agrees that 5,010 is an excessive number of discovery requests,

18  plaintiffs characterize the scope of permissible discovery too narrowly.  As discussed

19  above, plaintiffs seek a declaratory judgment stating that none of their emails violate any of

20  the three prongs of section 17529.5.  These claims entitle Riley to discovery regarding the

21  use of third-party domain names in plaintiffs' emails, and whether plaintiffs had permission

22  to use those third-party domain names (as required by section 17529.5(a)).  Plaintiffs'

23  declaratory judgment claims also entitle Riley to discovery regarding the truthfulness of

24  information in the headers and subject lines of the emails, which are relevant to section

25  17529.5(b) and (c).  To the extent that plaintiffs believe that the court limited discovery to

26  the issues of reliance and damages, plaintiffs misread the court's previous discovery order.

27  The court held that plaintiffs may only seek discovery from defendant regarding reliance

28  and damages, because all information relevant to plaintiffs' declaratory judgment claim "lies

2

United States District Court

For the Northern District of California

1   either with plaintiffs themselves, or with third parties." Dkt. 197 at 2. Riley merely received

2   the emails from plaintiffs, so she would not have any information regarding the use of third-

3   party domain names without permission, or the presence of falsified, misrepresented, or

4   forged header information, or the presence of misrepresentations of material fact in the

5   emails' subject lines. Instead, as the court previously pointed out, that information lies with

6   plaintiffs, and Riley is justified in seeking discovery on those issues. That discovery cannot

7   plausibly require 5,010 requests, but plaintiffs are incorrect in their argument that discovery

8   should be limited to issues of reliance and damages.

9        However, before delineating which categories of discovery are proper and which are

10  not, the court notes that the unusual posture of this case affects this court's jurisdiction over

11  plaintiffs' claims. As discussed above, the court previously found that the bulk Riley's

12  counter-claims (which affirmatively alleged violations of section 17529.5) were preempted

13  by the federal CAN-SPAM Act, to the extent that they did not sound in tort. Thus, as to all

14  but seven of the disputed emails, Riley has no viable claim that the emails violate section

15  17529.5. Plaintiffs have insisted on going forward with their declaratory judgment claims as

16  to the remaining 108 emails, arguing that a ruling will "insulate" them "from further litigation

17  that Mr. Balsam [defendant's counsel] will initiate not only in this case but in other cases,"

18  and emphasizing that they "have been sued and targeted by Mr. Balsam in both this case

19  and other cases and will continue to be targeted about emails that look essentially like the

20  ones that you've seen in this case." Dkt. 201 (transcript of 6/12/13 hearing) at 8 (emphasis

21  added). However, based on the fact that Riley can no longer assert that those 108 emails

22  violate section 17529.5, the court finds it appropriate to revisit the basis for exercising

23  jurisdiction over this case.

24       The Declaratory Judgment Act states that "[i]n a case of actual controversy within its

25  jurisdiction," a court "may declare the rights and other legal relations of any interested party

26  seeking such declaration." 28 U.S.C. § 2201(a). This requires a two-step inquiry: (1)

27  "whether there is an actual case or controversy" within the court's jurisdiction, and (2) "if an

28  actual case or controversy exists, the court must decide whether to exercise its jurisdiction

United States District Court
For the Northern District of California

1   by analyzing the factors set out in <u>Brillhart v. Excess Insurance Co.</u>"  <u>Principal Life</u>

2   <u>Insurance Co. v. Robinson</u>, 394 F.3d 665, 669 (9th Cir. 2005) (citing <u>Brillhart</u>, 316 U.S. 491

3   (1942)).  Step (1) of the inquiry (the "case or controversy" requirement) focuses on whether

4   the court has subject matter jurisdiction and whether the dispute is ripe for adjudication.  In

5   this case, the court has already determined that subject matter jurisdiction exists between

6   the parties, as the requirements for diversity jurisdiction are met.  However, the court has

7   not looked at the "ripeness" requirement, especially in light of the court's preemption ruling.

8   The "traditional ripeness standard" looks to whether "there is a substantial controversy,

9   between parties having adverse legal interests, of sufficient immediacy and reality to

10  warrant the issuance of a declaratory judgment."  <u>Principal Life Insurance</u> at 671 (citing

11  <u>Maryland Casualty v. Pacific Coal & Oil</u>, 312 U.S. 270, 273 (1941)).  As applied to this

12  case, the fact that Riley no longer asserts a violation of section 17529.5 as to 108 of the

13  emails serves to preclude a finding that there is a controversy "of sufficient immediacy and

14  reality."  As stated above, plaintiffs admit that they seek a declaratory judgment in order to

15  "insulate" themselves from future litigation.  But any future lawsuits would necessarily

16  involve different issues than are at play here.  The recipient will likely be different (which

17  would mean an entirely new inquiry into any issue of "consent" to receive the emails), and

18  the emails themselves will necessarily be different, as Riley cannot bring a future lawsuit on

19  these very same emails.  Thus, plaintiffs seem to be seeking a judgment that would apply

20  to future emails that are "essentially" (their word) the same as the emails at issue in this

21  case.  This scenario does not present a sufficiently "immediate" or "real" dispute to justify

22  declaratory judgment jurisdiction.

23      Even if there is a basis for finding that the "ripeness" requirement is met, the court

24  may still, in its discretion, decline to exercise jurisdiction over a declaratory judgment

25  action.  In other words, "[d]espite a conclusion that the case is ripe, the Declaratory

26  Judgment Act requires further analysis in connection with the district court's discretion, in

27  line with <u>Brillhart</u>, as to whether or not to exercise jurisdiction."  <u>Principal Life Insurance</u> at

28  672.  The <u>Brillhart</u> factors state that "(1) the district court should avoid needless

4

United States District Court
For the Northern District of California

1  determination of state law issues, (2) it should discourage litigants from filing declaratory

2  actions as a means of forum shopping, and (3) it should avoid duplicative litigation."

3  Principal Life Insurance at 672.  Factor (1) is especially relevant here, as the court has

4  already held that Riley's claims are preempted by federal law, which means that plaintiffs'

5  requested declaration involves exclusive issues of state law.  Factor (3) is also somewhat

6  relevant, because plaintiffs have admitted that they seek a declaratory judgment here as a

7  means of combating future litigation initiated by Riley's counsel.  The parties expressly

8  mention one such case, which appears to be pending in Sonoma county state court, on

9  behalf of a different email recipient.  Plaintiffs argue that Mr. Balsam "has similarly

10  attempted to bury [plaintiffs] in discovery" in that case.  Dkt. 193 at 11.  Thus, it seems that

11  plaintiffs want to attempt to pre-litigate those state court claims here, and then have another

12  crack at it in state court, should they fail here.  This strategy creates duplicative litigation,

13  because the only cases that need to be litigated are the ones brought by the email

14  recipients themselves, and which affirmatively allege a violation of section 17529.5.  Any

15  attempt to litigate "similar" claims in this forum, for the sole purpose of using those rulings in

16  a later case, necessarily creates duplicative litigation.

17          For these reasons, the court declines to exercise declaratory judgment jurisdiction

18  over plaintiffs' claims related to the 108 emails that are not alleged to be fraudulent, and

19  DISMISSES plaintiffs' claims as to those emails.  And as to the other seven emails, the

20  court declines to exercise declaratory judgment jurisdiction to the extent that plaintiffs seek

21  a ruling that goes beyond Riley's counterclaims, and DISMISSES those claims as well (in

22  other words, plaintiffs may still seek a ruling that those seven emails are not fraudulent, but

23  may not seek a ruling regarding the other provisions of section 17529.5).  Although neither

24  party has raised the issue of declining declaratory judgment jurisdiction, the Ninth Circuit

25  has explained that a district court may raise it sua sponte, as long as it "explain[s] the basis

26  for its decision on the record."  Gov't Employees v. Dizol, 133 F.3d 1220, 1221 (9th Cir.

27  1998).  And as explained above, this case does not present a sufficiently "immediate" or

28  "real" dispute and requires needless determination of state law issues.  The court also

United States District Court
For the Northern District of California

1   notes that resolution of the declaratory judgment claims would require a particularly

2   burdensome analysis, forcing the court to determine whether each line of all 115 emails is

3   free of falsified information, misrepresented information, etc.  Riley's 5,010 discovery

4   requests exemplify the burden imposed on both the parties and the court as a result of

5   plaintiffs' declaratory judgment claims.  Thus, plaintiffs' motion for protective order is

6   DENIED as moot.  The parties are directed to meet and confer regarding the scope of

7   discovery, in light of this order.  To be clear, the only claims left in this case are (1) Riley's

8   counter-claims that seven of the emails are fraudulent, in that they contain Riley's name in

9   the "from" line, and (2) plaintiffs' declaratory judgment claims that those seven emails are

10  not fraudulent.  The court also directs the parties to re-evaluate the need for the two

11  currently-pending motions, in light of this order, and to withdraw and/or re-file them if

12  appropriate.  The court expects that a discrete motion for summary judgment or cross-

13  motions for summary judgment on the fraud claim will likely resolve this case.  However, if

14  a trial is required, one will be scheduled on the fraud claim alone.

15

16        **IT IS SO ORDERED.**

17  Dated: September 13, 2013

18                                                              _____
                                                                PHYLLIS J. HAMILTON
19                                                              United States District Judge

20

21

22

23

24

25

26

27

28

                                               6