UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVISON DESIGN & DEVELOPMENT INC., et al.,

    Plaintiffs,

    v.

CATHY RILEY,

    Defendant.
_____/

No. C 11-2970 PJH

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

        Plaintiffs' motion for summary judgment came on for hearing before this court on October 23, 2013. Plaintiffs and counter-defendants Davison Design and Development, Inc., et al. ("plaintiffs") appeared through their counsel, Leeor Neta. Defendant and counter-plaintiff Cathy Riley ("defendant" or "Riley") appeared through her counsel, Daniel Balsam. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

        This is a declaratory judgment suit brought by plaintiffs. Plaintiffs originally sought an order stating that some 115 emails sent from plaintiffs to defendant do not violate California's anti-spam law, Cal. Bus. & Prof. Code § 17529.5. Riley responded by asserting counter-claims against plaintiffs, alleging that the 115 emails did violate section 17529.5. The court then found that Riley's counter-claims, to the extent based on 108 of the emails, were preempted by the federal CAN-SPAM Act, which expressly preempts all state laws related to spam e-mail, except to the extent that a state law "prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1); see also Dkt. 149 (dismissing counter-claims as preempted). The court later declined to exercise declaratory judgment jurisdiction over plaintiffs' claims

related to those same 108 emails. See Dkt. 212.  With those claims and counter-claims out of the case, the only emails that remain at issue are seven emails which list Riley's own name in the "from" line.  The court previously found that those seven emails could give rise to a non-preempted claim under California's anti-spam law, and allowed Riley's counter-claims (and plaintiffs' related declaratory judgment claims) to go forward.  See Dkt. 188.  Plaintiffs now move for summary judgment that those seven emails do not violate section 17529.5, and that Riley's counter-claims as to those emails are preempted.

As a threshold matter, the court notes that plaintiffs seek a ruling that goes beyond the scope of issues that remain in the case.  In declining to exercise declaratory judgment jurisdiction over plaintiffs' claims relating to the 108 emails that are no longer at issue, the court also held that "[a]s to the other seven emails, the court declines to exercise declaratory judgment jurisdiction to the extent that plaintiffs seek a ruling that goes beyond Riley's counterclaims."  Dkt. 212 at 5.  Thus, the only issue before the court is whether plaintiffs are entitled to summary judgment that the seven emails with Riley's own name in the "from" line are preempted by CAN-SPAM (in other words, that they do not fall into the "falsity or deception" preemption exception set forth in the statute).

First, the parties dispute the scope of the exception to CAN-SPAM preemption. Plaintiffs argue that Riley must allege a claim for fraud in order to avoid preemption, while Riley argues that the "falsity or deception" language used in the statute creates a broader exception, encompassing more than just claims for fraud.  As an example, Riley points to Cal. Civ. Code § 1710, which defines the tort of "deceit," and which does not require the elements of common-law fraud, including reliance.  While the relevant Ninth Circuit authority on this issue (Gordon v. Virtumundo, 575 F.3d 1040 (9th Cir. 2009)) does use the word "fraud" when discussing the preemption exception, the court agrees with Riley that Gordon does not necessarily limit the exception to fraud claims.  And while Gordon did not answer the question of whether a party must plead reliance and damages in order to avoid CAN-SPAM preemption, the court agrees with and adopts the reasoning set forth in two post-Gordon district court cases, both of which held that "reliance and damages need not

be demonstrated to save a lawsuit from preemption." <u>Asis Internet Services v. Member Source Media, LLC</u>, 2010 WL 1610066, at *3 (N.D. Cal. Apr. 20, 2010); <u>see also</u> <u>Asis Internet Services v. Subscriberbase Inc.</u>, 2010 WL 1267763 (N.D. Cal. Apr. 2, 2010). Riley need not establish reliance and damages in order to avoid preemption; instead, as long as she can establish that plaintiffs "were responsible for making knowing and material misrepresentations," her counter-claim "will sound in 'falsity or deception' and will not be preempted by the CAN-SPAM Act." <u>See</u> <u>Subscriberbase</u>, 2010 WL 1267763 at *13. Specifically, if Riley can establish that the presence of her own name in the "from" line of the seven emails at issue was materially false or deceptive, her counter-claims will avoid preemption.

Applying that standard, the court finds that while the use of Riley's name in the "from" line was indeed false, the fact that Riley would have immediately recognized the use of her own name puts her counter-claims in the same category as the "non-deceptive statements" that were rejected by the <u>Gordon</u> court. Upon receiving the emails, Riley would have instantly known that she did not send those emails to herself, and thus, the emails could not have been deceptive in any meaningful way. Thus, any falsity or deception was not sufficiently "material" to avoid preemption. The court recognizes that the factual circumstances of this case are unique, and that a misrepresentation as to the identity of the sender of emails will indeed be material in many cases. For instance, if Riley had received emails from plaintiffs with the name of one of Riley's personal contacts in the "from" line, those emails might well give rise to a non-preempted claim. However, as to the seven emails at issue, the court fails to see how Riley could have been deceived into believing that she sent herself these emails, and fails to see how any reasonable person could be deceived by an email bearing his or her own name in the "from" line. Accordingly, the court finds that Riley's counter-claims are preempted by CAN-SPAM, and hereby GRANTS summary judgment in favor of plaintiffs on the preemption issue. As discussed above, and for the reasons stated in the court's September 13, 2013 order (Dkt. 212), in which the court declined to exercise jurisdiction over claims relating to 108 of the emails,

the court similarly declines to exercise declaratory judgment jurisdiction over plaintiffs' claims relating to these seven emails.

**IT IS SO ORDERED.**

Dated: November 8, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge